601 P.2d 1348

The STATE of Arizona, Appellee,

v.

James Howard McGUIRE, Appellant.

No. 2 CA–CR 1408.

Court of Appeals of Arizona, Division 2.

Sept. 19, 1978.

Rehearing Denied Oct. 25, 1978.

Review Denied Nov. 14, 1978.

John A. LaSota, Jr., Atty. Gen. by William J. Schafer, III and Barbara A. Jarrett, Asst. Attys. Gen., Phoenix, for appellee.

John M. Neis, Pima County Public Defender by Michael P. Roca, Asst. Public Defender, Tucson, for appellant.

## OPINION

HOWARD, Judge.

Appellant was convicted by a jury of the crime of possession of a pistol by a criminal and sentenced to from one to three years in the Arizona State Prison. He contends the trial court erred in denying his motion for a judgment of acquittal pursuant to Rule 20, Arizona Rules of Criminal Procedure.

On July 17, 1977 appellant entered the Brown Derby Bar and asked the bartender, Catherine Garl, if he could go into the men's restroom in order to change his clothes. Upon receiving permission he entered the restroom. Ms. Garl heard a gunshot and entered the restroom. She said she was sure it was a gunshot that she heard because of the odor she smelled when she entered the restroom. When Ms. Garl asked appellant what was going on, he told her that he had dropped his gun. She told him that guns were not allowed in the bar and asked him to leave.

Appellant left the Brown Derby Bar and went to Antonio's Lounge. Ms. Garl then called the police. When appellant entered Antonio's he handed Rosario Moreno, the barmaid, a .22 revolver. He asked her to keep the revolver for him while he was in the bar. Ms. Moreno identified state's Exhibit No. 3 as the revolver appellant had given her. About ten minutes later the police arrived at the bar.

Officers Hayes and Acevedo of the Tucson Police Department had gone to the Brown Derby in response to Ms. Garl's call. From there they went to Antonio's Lounge. Officer Acevedo had a conversation with the barmaid and she gave him the revolver appellant had given to her. Officer Acevedo handed the revolver to Officer Hayes. Appellant was then placed under arrest.

At the trial Officer Hayes identified state's Exhibit No. 3 as the weapon she had received from Officer Acevedo. She said she recognized it by its caliber and color. She identified four .22 caliber live rounds which she had removed from the weapon and testified that the weapon holds five rounds. She also identified the brass casing of a round which had been fired, and a spent bullet which had been found in the Brown Derby restroom. The revolver, the four live rounds and the brass casing were all admitted into evidence.

A.R.S. Sec. 13–919 states in part:

"A. It is unlawful for a person who has been convicted of a crime of violence in any court of the United States, its territories, districts or possessions, or of the several states, to possess a pistol, unless such person has been pardoned for such crime or has by law regained full status as a citizen.

\*　　\*　　\*　　\*　　\*　　\*

C. 'Pistol' within the provisions of this section means any weapon with a barrel less than twelve inches in length, which is designed to expel a projectile by the action of expanding gas.

\*　　\*　　\*　　\*　　\*　　\*"

The burden of proof was upon the state to prove beyond a reasonable doubt each essential element of the crime charged. *State v. Pederson*, 102 Ariz. 60, 424 P.2d 810 (1967). It was therefore incumbent upon the state to prove, beyond a reasonable doubt, that the pistol which appellant possessed was designed to expel a projectile by the action of expanding gas. The fact that there was no positive testimony to this effect is not fatal. An appellate court can take judicial notice of any matter of which the trial court may take judicial notice, even if the trial court was never asked to do so. Cf. *Southwest Cotton Co. v. Clements*, 25 Ariz. 124, 213 P. 1005 (1923) (the only practical way to explode dynamite is with detonating or fulminating caps); *State v. Hunt*, 118 Ariz. 431, 577 P.2d 717 (1978) (Dilaudid is the trade name for hydromorphone which is a derivative of morphine). And see, *Varcoe v. Lee*, 180 Cal. 338, 181 P. 223 (1919).

To be judicially noticed a fact must be so notoriously true as not to be subject to reasonable dispute. It may be such a fact as is commonly known by intelligent persons in the jurisdiction where the court sits or a fact that is capable of immediate accurate demonstration by reference to recognized writings or other sources of proof. Udall, Arizona Law of Evidence Sec. 201. We take judicial notice that a .22 caliber revolver is designed to expel a projectile by the action of expanding gas. The trial court did not err in denying the motion for judgment of acquittal.

Affirmed.

RICHMOND, C. J., and HATHAWAY, J., concurring.