590 P.2d 916

**The STATE of Arizona, Appellee,**

v.

**Thomas Allen LITTLE, Appellant.**

**No. 4357.**

Supreme Court of Arizona,
In Banc.

Jan. 25, 1979.
Rehearing Denied Feb. 27, 1979.

John A. LaSota, Jr., former Atty. Gen., Robert K. Corbin, Atty. Gen. by William J. Schafer, III and Diane M. Ramsey, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Michael G. Sullivan, Deputy Public Defender, Phoenix, for appellant.

CAMERON, Chief Justice.

This is an appeal by the defendant Thomas Allen Little from a judgment of guilt to the crime of possession of marijuana, A.R.S. §§ 36–1002.05 and 36–1002.10. Following the trial to a jury on the above charge, defendant was found guilty of a prior conviction pursuant to A.R.S. §§ 13–1649 and 1650 and Rule 19.1(b), Rules of Criminal Procedure, 17 A.R.S. We have jurisdiction pursuant to Rule 47(e)(5), Rules of the Supreme Court, 17A A.R.S.

We are asked to address three issues on appeal:

1. Did the trial court err in failing to suppress certain evidence seized from defendant's person at the time of defendant's arrest?
2. Was it error for the trial court to have arraigned and tried the defendant on the allegation of a prior conviction in defendant's absence?
3. Did the trial court commit errors in sentencing?

The facts necessary for a resolution of this appeal are as follows. In the early evening of 8 July 1977, two uniformed Phoenix police officers, on duty in South Mountain Park in Phoenix, observed from their parked car two males standing next to a car parked approximately 15 yards away. For several minutes the officers watched through binoculars as the two subjects smoked a hand-rolled cigarette in a manner suggesting the use of marijuana. After approaching the car, the officers detected a strong odor of marijuana coming from inside the vehicle as well as from the parties who were standing next to the car. The defendant was seated in the back of the vehicle.

Defendant was instructed by the officers to keep his hands where they could be seen while the individuals outside the vehicle were searched. Defendant ignored this instruction by making repeated attempts to reach into his pocket and also by making movements with his hands behind his back toward another passenger seated next to the defendant.

The defendant was searched and a cigarette pack containing a measure of marijuana was found in his right-hand pocket. Two small pipes used for smoking marijuana were also found in the car. Defendant was placed under arrest and given his rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The defendant had admitted to the officer at the time of arrest that he had a prior conviction for sale of marijuana. After arraignment in the Superior Court, the defendant was notified of the time and place of the trial. When defendant did not appear, the court found that he had voluntari-

ly absented himself from trial. Trial was held in absentia, the defendant being represented by counsel. See *State v. Tacon*, 107 Ariz. 353, 488 P.2d 973 (1971), cert. dismissed 410 U.S. 351, 93 S.Ct. 998, 35 L.Ed.2d 346 (1973).

Following findings of guilt, defendant was sentenced to serve not less than three and one-half years nor more than seven years in the Arizona State Prison. Notice of appeal from the judgment and sentence was filed by defendant's attorney.

## MOTION TO SUPPRESS

Defendant initially asserts that the officers did not have probable cause to support their search of the defendant and that the marijuana found on defendant's person should therefore have been suppressed as fruit of the poisonous tree. *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). We do not agree.

In order to investigate possible criminal activity, it is not necessary that police officers have sufficient information to arrest. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). We stated in *State v. Lelevier*, 116 Ariz. 37, 567 P.2d 783 (1977), that the police may approach individuals for the purpose of investigation where there is

"a reasonable suspicion * * * that 'some activity out of the ordinary' is or had occurred, some suggestion to connect the detained person with the unusual activity, and some indication that the activity is related to crime. *State v. Hocker*, 113 Ariz. 450, 457, 556 P.2d 784, 791 (1976)." 116 Ariz. at 39, 567 P.2d at 785.

We believe that the officers in the instant case clearly were justified in approaching the individuals for the purpose of investigating possible criminal behavior. They had observed the individuals smoking a hand-rolled cigarette in a manner that their experience had taught them was common to marijuana smokers. Once the officers arrived at the car, they smelled marijuana coming from inside the car where defendant was seated.

We believe the distinctive smell of marijuana coupled with defendant's suspicious hand movements provided the officers with probable cause to search the defendant. See *State v. Valenzuela*, 121 Ariz. 274, 589 P.2d 1306 (1978). In the context of drug investigation, a movement of the hand to the pocket, particularly where, as here, the one being investigated has been specifically instructed to keep his hands away from his pockets, can be a meaningful circumstance in determining the existence of probable cause. *State v. Wilson*, 31 Or.App. 783, 571 P.2d 554 (1977). We find no error.

## CONVICTION OF THE PRIOR OFFENSE IN DEFENDANT'S ABSENCE

After a finding that the defendant had voluntarily absented himself from trial, the court also ordered the entry of a plea of not guilty to the allegation of prior conviction.

The defendant does not contend on appeal that being voluntarily absent the trial court could not proceed in absentia. Defendant does contend, however, that the arraignment on the allegation of prior conviction in defendant's absence constitutes reversible error. We do not agree.

Rule 14.2 of the Arizona Rules of Criminal Procedure, 17 A.R.S., states that a defendant "shall be arraigned personally before the trial court." Rule 9.1, however, indicates that the defendant may effectively waive his right to be present at such a proceeding by voluntarily absenting himself:

"[A] defendant may waive his right to be present at any proceeding by voluntarily absenting himself from it. The court may infer that an absence is voluntary if the defendant had personal notice of the time of the proceeding, his right to be present at it, and a warning that the proceeding would go forward in his absence should he fail to appear."

The record indicates that 11 days prior to the date trial began, the defendant was present in court for a change of plea:

"MR. WINTBERG [Deputy County Attorney]: Your Honor, I would urge that the matter be reset for trial on November 8th and the defendant be admonished to be present with counsel and ready to go to trial on that day.

\*     \*     \*     \*     \*     \*

"THE COURT: I will continue this matter to the last day of trial which is November 8th, 1977.

I would indicate to you, Mr. Little, that if in fact you are going to retain private counsel, it would be well advised to do that immediately.

"MR. LITTLE: Yes, I understand.

"THE COURT: Make sure he has time to prepare because on November 8th the case will probably be going to trial and you should plan on that.

"MR. LITTLE: Thank you."

The record also contains a document stating the conditions of defendant's release pending his trial. A portion of that document reads as follows:

"WARNING TO THE DEFENDANT

"You have a right to be present at your trial and a number of other proceedings of which you will be notified. If you do not appear at the time set by the court \* \* \* the proceeding will begin without you."

Defendant signed this document. The record shows that the allegation of prior conviction had been filed prior to defendant's appearance at the time of the change of plea when the matter was set for trial. Defendant not only knew of his trial date, but knew that a prior conviction had been alleged. We believe that defendant's failure to appear for determination of the prior conviction was voluntary under Rule 9.1, Arizona Rules of Criminal Procedure, 17 A.R.S. We find no error.

### ERRORS IN SENTENCING

■ Defendant finally urges us to find error with regard to the sentencing procedure in this case. Specifically, defendant contends that the sentence must be vacated since a police departmental report considered by the trial court judge in sentencing defendant was not shown to defense counsel prior to passage of sentence.

In brief proceedings held in camera following the imposition of sentence on defendant, the trial judge told defense counsel that a police departmental report had influenced the sentence given defendant, and this report had not been shown to defense counsel. The trial judge stated to defense counsel:

"When I sentenced Mr. Little in absentia, I had forgot, for the record, to indicate—and [defense counsel] was here and it dawned on me I forgot to do this, and I think it could be a point that they could assert on appeal that not only did I read the presentence report, but there was a police departmental report on another case, another transaction, on a wire tap that I issued on a case some several months before that. And in imposing the sentence that I did on Mr. Little, I took that definitely into account and because of the information in that wire tap, in fact, it did affect my sentence. I gave him a greater sentence than I otherwise would have done. So I wanted the record to reflect that not only had I considered the probation report, the nature of the charge, and all other matters, but I had also considered that departmental report.

\*     \*     \*     \*     \*     \*

"If there is any additional information, if you wish to question the authenticity of the report or question the identity of the person or anything else, and if you would file a motion to reconsider the sentence and set forth your grounds for doing so, I think you're totally correct. You ought to be provided that opportunity to do so, and I would reconsider it if you felt there was some basis for doing so."

Rule 26.6 of the Arizona Rules of Criminal Procedure, 17 A.R.S., permits both sides, with certain exceptions not applicable to this matter, to view all presentence reports available to the sentencing judge prior to sentencing, see *State v. Pierce*, 108 Ariz.

174, 494 P.2d 696 (1972), and it was error not to do so in the instant case. We do not believe, however, that such error was prejudicial. The judge advised defense counsel to file a motion to reconsider the sentence if he "felt there was some basis for doing so." This defendant's counsel did not do. On appeal, defendant has not alleged that there was evidence to contradict the contents of the undisclosed portions of the presentence report or that the facts related were untrue. We can only conclude that defense counsel determined he had no basis for filing a motion to reconsider defendant's sentence, *State v. Nelson*, 104 Ariz. 52, 448 P.2d 402 (1968), and that there was no prejudice to the defendant.

█ Defendant also asserts that his sentence is excessive. We are of the opinion that the sentence being within the limits prescribed by statute, the court did not abuse its discretion. A.R.S. § 36–1002.-05(B); *State v. Nelson*, supra. We find no error.

The judgment of guilt and the sentence are affirmed.

STRUCKMEYER, V. C. J., and HAYS, HOLOHAN and GORDON, JJ., concurring.