638 P.2d 730

The STATE of Arizona, Appellee,

v.

William David HODGE, Appellant.

No. 2 CA–CR 2317.

Court of Appeals of Arizona, Division 2.

Sept. 22, 1981.

Rehearing Denied Nov. 5, 1981.

Review Denied Dec. 8, 1981.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Barbara A. Jarrett, Asst. Attys. Gen., Phoenix, for appellee.

C. Robert Pursley, Safford, for appellant.

## OPINION

HOWARD, Judge.

Appellant, convicted of escape second-degree, a class 5 felony, and of two prior felony convictions, was sentenced to five years in the Arizona State Prison, the sentence to run consecutively to the original sentence then being served. He contends (1) that the trial court erred in refusing to permit him to introduce into evidence the defense of necessity and (2) that it was necessary to arraign him on the allegation of the two prior convictions. We disagree and affirm.

Appellant was charged by information on September 13, 1980, with escape, second-degree, in violation of A.R.S. §§ 13–2503 and 13–701. He was arraigned on September 22, 1980, and entered a plea of not guilty. On October 16th, the state amended the information to add an allegation of two prior felony convictions. On January 30, 1981, a second amendment was made to show that the alleged priors occurred on January 28, 1980.

Appellant claims that the trial court committed reversible error in granting the state's motion to suppress evidence regarding the fact that he believed he was suffering from cancer and that he was motivated to escape because of his physical condition.

■ A trial court's rulings on admission or exclusion of evidence will not be disturbed on appeal unless a clear abuse of discretion can be shown. *Rimondi v. Briggs*, 124 Ariz. 561, 606 P.2d 412 (1980). It is well-settled law that adverse prison conditions do not afford a justification for escape. *State v. Alberigo*, 109 Ariz. 294, 508 P.2d 1156 (1973). The evidence appellant sought to admit was irrelevant and properly excluded by the trial court.

Appellant next claims that the failure of the trial court to separately arraign him on the allegations of the two prior convictions deprived the court of jurisdiction to try him on the prior convictions.

■ Rule 14.3(a), Arizona Rules of Criminal Procedure, 17 A.R.S., provides that the court shall: "a. Ascertain the defendant's plea of not guilty, guilty, or no contest. Unless he pleads guilty or no contest, the court shall enter a plea of not guilty on his behalf." The purpose of the arraignment and plea is not to exact a confession, but to ascertain whether the defendant wants to put the state to its proof of facts alleged in the information or whether he wishes to waive a jury trial and permit the court to find him guilty upon his plea. *State v. Wright*, 103 Ariz. 52, 436 P.2d 601 (1968). The comment to Rule 14.3 expressly eliminates from the arraignment the plea to an allegation of a prior conviction. It states, in pertinent part:

"Gone also from the arraignment is the plea to an allegation of a prior conviction; this matter is also more appropriately handled by the notice of defenses required by Rule 15.2(b), the stipulations and omnibus hearing of Rule 16, and the guilty plea provisions of Rule 17.6."

We do not believe the rule was meant to require the state to rearraign a defendant each time the original indictment or information is amended. What is required, however, is that a defendant be given adequate notice of the charge. A.R.S. § 13–604(K).

■ In the case at bar, appellant was charged with escape and entered a plea of not guilty to that charge. The information was later amended to allege the two priors and a second time, to reflect the date of the priors. Appellant admits that he was not misled, surprised or deceived in any way by the state's allegation. Accordingly, we hold he had sufficient notice of the charge and that the court did not err in refusing to separately arraign him on the allegation of the priors.

Appellant has raised three other issues in a supplemental brief, none of which are supported by any evidence in the record.

Affirmed.

HATHAWAY, C. J., and BIRDSALL, J., concur.