704 P.2d 1363

**The STATE of Arizona, Appellee,**

v.

**Paul Norman BAYLISS, Appellant.**

**No. 1 CA–CR 7942.**

Court of Appeals of Arizona,
Division One.

June 20, 1985.

Review Denied Aug. 27, 1985.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III and Crane McClennen, Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Patrick O'Neil, Deputy Public Defender, Tucson, for appellant.

## OPINION

LACAGNINA, Judge.

In this case, Paul Norman Bayliss, released on his own recognizance on a trafficking in stolen property charge, failed to appear and was tried and convicted in absentia, with a true finding as to three prior felony convictions. After Bayliss was apprehended, the court sentenced him to a presumptive term of 11.25 years and made it consecutive to the sentences being served on the prior convictions.

Bayliss appeals, arguing error by the trial court in its use of the prior convictions for sentence enhancement. Specifically, he argues the court erred:

1. By failing to strike the allegations as untimely filed without notice to Bayliss, and without proper documentation, and

2. By failing to instruct the jury to make a finding that the three prior convictions were separate offenses for enhancement purposes under § 13–604(K).

We disagree with both of his arguments and affirm.

The facts show that Bayliss filed his own *pro se* motion for release. The court granted his motion acknowledging that Bayliss was presently on parole. He failed to appear for his pretrial conference, and the court issued a bench warrant. Having subsequently failed to appear for three different times set for trial, he was tried in absentia. The state filed its allegation of prior convictions after Bayliss disappeared, and some 43 days before the actual trial date. Defense counsel, in his absence, filed a motion to strike the allegation of prior convictions at the close of the state's case, renewed it following the guilty verdict, and again after Bayliss was taken into custody. All these motions were denied.

An accused must receive adequate notice, as required under A.R.S. § 13–604(K), of the charge of an allegation of prior convictions, so as not to be misled, surprised or deceived in any way by the allegations. *State v. Hodge,* 131 Ariz. 63, 638 P.2d 730 (App.1981). Such right may be waived, however, where defendant is voluntarily absent from the proceedings. Rule 9.1, Rules of Criminal Procedure, 17 A.R.S. See *State v. Little,* 121 Ariz. 377, 590 P.2d 916 (1979). In this case, Bayliss failed to appear at the scheduled pretrial conference and the first scheduled trial date, both stated conditions of release. Prior to his disappearance, as support for his motion for release, the AID program

for Maricopa County Superior Court recommended to the court that Bayliss be released on his own recognizance. The written report furnished to the court acknowledged superior court records showing the existence of the prior convictions and date of sentencing. With notice to all parties of the existence of the prior convictions prior to Bayliss' disappearance, we find no showing of surprise or prejudice, and no error. See *State v. Davis*, 137 Ariz. 551, 672 P.2d 480 (App.1983); A.R.S. § 13–604(K).

 In addition, we find the trial court acted properly with instructions to the jury regarding the prior convictions.[1] They made a true finding as to the existence of the prior convictions and connected Bayliss to those convictions. Any question as to the separateness of the offenses, which could be counted under § 13–604(H) as only one conviction if committed on the same occasion, was considered by the court in sentencing. In doing so, it could have taken judicial notice of its own superior court files indicating Cause No. 85453 (committed 12–9–74), Cause No. 85160 (committed 12–9–74) and Cause No. 85734 (committed 11–16–74).[2] *State v. Hunter*, 137 Ariz. 234, 669 P.2d 1011 (App.1983). M. Udall and J. Livermore, Law of Evidence § 152 at 333 (2d Ed.1982). Bayliss does not argue he was a spree offender, as defined in *State v. Hannah*, 126 Ariz. 575, 617 P.2d 527 (1980), and the evidence shows he was not.

This court has searched the record for fundamental error in accordance with A.R.S. § 13–4035, and has found none.

Affirmed.

HATHAWAY, P.J., and LIVERMORE, J., concur.

1. The question of whether Bayliss was on parole at the time of the present offense was a question for the court. Since the record reflects sufficient evidence for the court to have made such a finding, the fact that it was unnecessarily submitted to the jury is of no moment. *State v. Turner*, 141 Ariz. 470, 475, 687 P.2d 1225, 1230 (1984); *State v. Weigel*, 702 P.2d 709, 710 (Ariz. 1985).

2. Our independent review of the record, including the Presentence Report, indicates the trial court did not have before it at the time of sentencing any correct copies of minute entries

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120(E).

concerning the dates the offenses underlying the prior convictions occurred. Therefore, it appears sentence was imposed under § 13–604(K) without adequate knowledge as to the separateness of the offenses. If this action on the part of the prosecutor and trial court constituted error, it was harmless because this court can take judicial notice of the separate dates on which the offenses occurred, even though the trial court did not do so. *State v. McGuire*, 124 Ariz. 64, 65, 601 P.2d 1348, 1349 (App.1978).