NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ANTHONY DERREK JONES, *Appellant.*

No. 1 CA-CR 16-0637
FILED 8-29-2017

Appeal from the Superior Court in Maricopa County
No. CR2010-153208-001
The Honorable John R. Doody, Judge *Pro Tempore*

**DISSMISSED FOR MOOTNESS**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Elizabeth Garcia
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Carlos Carrion
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Paul J. McMurdie delivered the decision of the Court, in which Judge Michael J. Brown and Judge Randall M. Howe joined.

---

**M c M U R D I E**, Judge:

¶1      Anthony Derrek Jones appeals from the superior court's probation violation adjudication. For the following reasons, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2      On January 28, 2011, Jones pled guilty to one count of armed robbery, a Class 2 non-dangerous felony, and one count of possession of narcotic drugs for sale, a Class 2 felony. Upon completion of his five-year sentence for armed robbery, Jones was to serve a two-year term of probation for possession of drugs for sale. The probation term was later extended by 51 days, to end on February 18, 2017. In December 2015, Jones admitted to violation of probation and his term was again extended to March 17, 2017.

¶3      In July 2016, the State filed a Petition to Revoke Probation, alleging Jones had violated several terms of his probation. On August 15, 2016, the court held a witness violation hearing and found, by the preponderance of the evidence, that Jones had "violated term 21A (Intensive Probation) and 7 of his Terms and Conditions of Probation." The court sentenced Jones to 30 days in jail and, upon service of the sentence, reinstated his probation with an expiration date of March 25, 2017. Jones filed a timely notice of appeal.

¶4      However, on January 15, 2017, Jones was alleged to have committed three new criminal offenses and subsequently pled no contest to assault, a Class 1 misdemeanor, and threatening or intimidating, a Class 6 felony with one prior felony conviction. On May 23, 2017, the superior court accepted Jones's plea in Maricopa County Cause No.

CR2017-102410-001.[1] The court also found Jones "violated the conditions of probation previously imposed." We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and -4033(A)(1).[2]

## DISCUSSION

**¶5**  Jones argues the superior court abused its discretion by finding he violated probation terms 7 and 21A after it previously found no credible evidence existed of Jones's absence from home.

**¶6**  The superior court noted the determination of Jones's guilt for two new criminal offenses in CR2017-102410-001, and found Jones violated term 1 of his conditions of probation ("I will maintain a crime-free lifestyle, by obeying all laws, and not engaging or participating in any criminal activity."). Pursuant to Arizona Rule of Criminal Procedure 27.8, a determination of guilt of a subsequent offense renders Jones's probation automatically revoked and ready for a disposition hearing to occur when judgment on the subsequent criminal offense is pronounced. *See* Ariz. R. Crim. P. 27.8(e) ("If there is a determination of guilt . . . of a criminal offense by a probationer in the court having jurisdiction over the probation matter, no violation hearing shall be required and the court shall set the matter down for a disposition hearing at the time set for entry of judgment on the criminal offense.").

**¶7**  We will, as a matter of judicial restraint, "dismiss an appeal as moot when our action as a reviewing court will have no effect on the parties," unless such appeal presents an issue of "great public importance or one capable of repetition yet evading review." *Cardoso v. Soldo*, 230 Ariz. 614, 617, ¶ 5 (App. 2012); *see also Contempo-Tempe Mobile Home Owners Ass'n v. Steinert*, 144 Ariz. 227, 229 (App. 1985) (appellate courts do not give opinions on questions that "by a change in a condition of affairs" have become moot).

---

[1]  "An appellate court can take judicial notice of any matter of which the trial court may take judicial notice, even if the trial court was never asked to do so." *State v. McGuire*, 124 Ariz. 64, 66 (App. 1978); *see Bobrow v. Bobrow*, 241 Ariz. 592, 599, ¶ 33, n.12 (App. 2017) (appellate court may take judicial notice of updated superior court records).

[2]  Absent material revision after the date of an alleged offense, we cite to the current version of applicable statutes and rules.

**¶8** Because our resolution of Jones's current appeal would have no bearing on his probation reinstatement due to his guilt in a subsequent criminal offense, Jones's appeal is moot. The issue of his violation of probation terms 7 and 21 is not the kind of issue that would evade review or rise to a sufficient level of "public importance" to trigger the exceptions to the mootness principle. *See Steinert*, 144 Ariz. at 230.

**¶9** Because this court has "the authority and often the duty to dismiss a moot case on its own initiative," we dismiss the appeal. *Steinert*, 144 Ariz. at 230.

## CONCLUSION

**¶10** Accordingly, we dismiss Jones's appeal as moot.



AMY M. WOOD • Clerk of the Court
FILED: AA