NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

BRIAN MICHAEL WARNER, *Appellant.*

No. 1 CA-CR 22-0353
FILED 5-9-2023

Appeal from the Superior Court in Yavapai County
Nos. V1300CR202080222, V1300CR202080220
The Honorable Michael R. Bluff, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Rebecca Jones
*Counsel for Appellee*

Law Office of Stephen L. Duncan P.L.C., Scottsdale
By Stephen L. Duncan
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Vice Chief Judge David B. Gass delivered the decision of the court, in which Judge Brian Y. Furuya and Judge Andrew M. Jacobs joined.

---

**G A S S**, Vice Chief Judge:

¶1   This case arises from Brian Michael Warner's four convictions for drug-related crimes arising out of two separate searches on the same day, one at a hotel and one following a traffic stop. Warner appeals his sentences for the two traffic-stop convictions, arguing the State did not properly allege his prior felony convictions for sentencing enhancement purposes. Finding no error, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2   This court reviews the facts in the light most favorable to affirming the verdicts and resolves all reasonable inferences against Warner. *See State v. Felix*, 237 Ariz. 280, 283 ¶ 2 (App. 2015).

¶3   On March 11, 2020, after Warner checked out from a hotel room, a housekeeper reported finding a clear bag containing a white substance on the nightstand. A deputy responded and collected the white substance, which tested positive for methamphetamine. Around the same time, another deputy stopped Warner and his girlfriend after Warner committed two traffic violations. After Warner consented to a search of his vehicle, a deputy found drug paraphernalia, a scale, and bags of methamphetamine.

¶4   Deputies arrested Warner and filed two complaints against him in the justice court. In the hotel case, the State filed a complaint for one count of possession of dangerous drugs for sale and one count of possession of drug paraphernalia. In the traffic-stop case, the State filed a complaint for one count of sale or transportation of dangerous drugs and one count of possession of drug paraphernalia. In both cases, the State filed notices alleging Warner's prior felony convictions constituted aggravating circumstances. In the traffic-stop case, the State also filed a notice alleging Warner was a category three offender because of his prior felony convictions. In the hotel case, the State filed no such allegations.

¶5          After finding probable cause on all the counts, the superior court transmitted and consolidated them. The superior court received the entire justice court record, including the State's various allegations regarding Warner's prior felony convictions.

¶6          The superior court held a three-day jury trial. On the hotel counts, the jury convicted Warner as charged for the paraphernalia count but convicted him of the lesser-included offense of possession or use of methamphetamine instead of possession of methamphetamine for sale. *See* A.R.S. § 13-3407.A.1. On the traffic-stop counts, the jury convicted Warner as charged for both counts.

¶7          Though it consolidated the two cases, the superior court considered separately the State's notices on the hotel and the traffic-stop counts. The superior court found the State provided proper notice of prior convictions in both cases for aggravation purposes, but only alleged them for enhanced sentencing purposes in the traffic-stop case. The State does not challenge those findings.

¶8          Before sentencing, the superior court held a bench trial and found the State proved the prior convictions. Because Warner's prior convictions occurred more than ten years before the current offenses, the superior court found they were not aggravating circumstances. *See* A.R.S. § 13-701.D.11. For the traffic-stop counts only, the superior court found Warner's prior convictions made him a category three repetitive offender under A.R.S. § 13-703.J.

¶9          The superior court imposed concurrent, slightly mitigated sentences for all the convictions. For the hotel counts, the superior court sentenced Warner as a category 1 nonrepetitive offender and imposed a 2-year sentence for the possession or use of methamphetamine count and a .75-year sentence for the possession of methamphetamine-related paraphernalia count. *See* A.R.S. § 13-702.D. For the traffic-stop counts, the superior court sentenced Warner as a category 3 repetitive offender and imposed a 15-year sentence for the sale or transportation of methamphetamine count and a 3.5-year sentence for the possession of methamphetamine-related paraphernalia count. *See* A.R.S. §§ 13-703.C, .J. The superior court awarded Warner 120 days of presentence credit.

¶10          This court has jurisdiction over Warner's timely appeal under article VI, section 9, of the Arizona Constitution, and A.R.S. §§ 13-4031 and -4033.A.1.

**ANALYSIS**

**¶11**         Warner argues the superior court erred when it sentenced him as a category three offender on the traffic-stop counts because the State did not file a proper notice. Specifically, Warner contends the State's allegations of prior convictions were untimely and the State should have refiled the allegations when the superior court consolidated the cases. Warner relies on Rules 13.5 and 16.1(b) of the Arizona Rules of Criminal Procedure.

**¶12**         The parties treated the sufficiency of the State's filing of the allegations as an issue arising under and driven by Rules 13.5 and 16.1. Rule 13.5 allows the State to, "[w]ithin the time limits of Rule 16.1(b), . . . amend an indictment, information, or complaint to add allegations of one or more prior convictions." Rule 16.1(b) requires parties make such amendments "no later than 20 days before trial."

**¶13**         The State complied with Rules 13.5 and 16.1(b). About two years before the trial, the State filed its allegations of prior felony convictions in the justice court, the justice court transmitted its entire record to the superior court, and the State included the list of allegations in several disclosures. With those filings, the State also provided actual notice.

**¶14**         Warner argues the justice court's transmittal alone was insufficient notice, but the State provided that initial notice and several other notices well within Rule 16.1(b)'s time limits. Warner also contends, without authority, the State must file a new notice of prior convictions after the justice court transmits the case to the superior court. We find no authority to support this premise.

**¶15**         Though we address the parties' Rule-based arguments, we also must consider the controlling statute, A.R.S. § 13-703.N. Subsection 13-703.N's plain language requires the court to consider the State's allegations as long as the State filed them more than 20 days before trial. The State did so.

**¶16**         Warner's position, thus, fails under both the appurtenant rules and, most importantly, the controlling statute. *See State v. Hansen*, 215 Ariz. 287, 289 ¶ 7 (2007) (expressing policy of harmonizing statutes and rules whenever possible).

**¶17**         Lastly, Warner argues the superior court violated his Sixth Amendment right to actual notice and his right against double jeopardy when it considered his prior convictions. True, the State must provide

actual notice of allegations of prior felonies. *State v. Bayliss*, 146 Ariz. 218, 219 (App. 1985). And as outlined above, the State gave actual notice several times. We find no error.

**CONCLUSION**

¶18        We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA