NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

PHILLIP POTTER,
*Petitioner*,

*v.*

THE HONORABLE BRUCE R. COHEN, Judge of the SUPERIOR COURT
OF ARIZONA, in and for the County of MARICOPA,
*Respondent Judge*,

TASNEEM DOCTOR,
*Real Party in Interest*.

No. 1 CA-SA 23-0144
FILED 8-31-2023

---

Petition for Special Action from the Superior Court in Maricopa County
No. FC2020-090224
The Honorable Bruce R. Cohen, Judge

**JURISDICTION ACCEPTED; RELIEF GRANTED**

---

COUNSEL

Phillip Terry Potter, Scottsdale
*Petitioner*

Ortega & Ortega PLLC, Phoenix
By Alane M. Ortega
*Counsel for Real Party in Interest*

## MEMORANDUM DECISION

Judge Jennifer M. Perkins delivered the decision of the Court, in which Vice Chief Judge Randall M. Howe and Judge Daniel J. Kiley joined.

**P E R K I N S**, Judge:

¶1      In this special action, Phillip Potter challenges the superior court's ruling denying his request for a change of judge as a matter of right. We accept special action jurisdiction and grant relief.

### FACTS AND PROCEDURAL BACKGROUND

¶2      This case arises from a marriage dissolution between Potter and Tasneem Doctor. *See Doctor v. Potter*, 1 CA-CV 22-0062 FC, 2022 WL 17261382 (Ariz. App. Nov. 29, 2022). We can access and take judicial notice of the electronic record provided in that appeal. *See State v. McGuire*, 124 Ariz. 64, 66 (App. 1978); *Visco v. Universal Refuse Removal Co.*, 11 Ariz. App. 73, 74 (1969) ("[I]t is proper for a court to take judicial notice of the record in another action tried in that same court.").

¶3      Doctor petitioned for dissolution in 2020. After a trial, the superior court issued a dissolution decree which, among other things, awarded Doctor child support. Potter appealed the dissolution decree, and this Court acknowledged the parties' agreement that the superior court failed to allocate Potter his credit for equal division of parenting time, the court mistakenly assigned Potter credit for two non-marital children, and child support should be recalculated. *See Doctor*, 1 CA-CV 22-0062 FC, at *6, ¶ 38. This Court then vacated the child support portion of the decree and remanded for a redetermination under the Child Support Guidelines ("Guidelines"), A.R.S. § 25-320. *Id.*

¶4      On March 22, 2023, Potter filed a timely notice for change of judge as a matter of right. On March 27, the Hon. Bruce Cohen, acting as family court presiding judge, granted Potter's request under Ariz. R. Fam. Law P. ("Rule") 6 and reassigned the case to the Hon. David McDowell, stating that the noticed judge, the Hon. Lisa Wahlin, retains jurisdiction to rule on any objections, which must be filed within ten days.

¶5      On April 11, Doctor asked for an extension of time to respond to Potter's motion for change of judge, which had already expired. On April

24, Judge McDowell ruled that Potter's notice was a request as of right, and thus "no response is authorized and the change has been made." The court noted that if Doctor needed additional time to respond to the other issues Potter raised in his notice of change of judge, she had until May 3 to do so.

**¶6** Doctor filed a response on May 3, which the court treated as a motion for reconsideration. She asked the court to deny Potter's request for a change of judge, arguing that the issue of child support was not remanded for a new trial but rather limited to "simply completing a child support worksheet pursuant to the child support guidelines[.]"

**¶7** On June 12, Judge Cohen ruled that the proceedings do not warrant a new trial and thus Rule 6 does not apply. He concluded that this Court gave "unambiguous direction regarding the remand," and that Potter mistakenly argues further evidence is needed to resolve the child support determination. Judge Cohen then rescinded the reassignment to Judge McDowell and returned the matter to Judge Wahlin.

**¶8** Potter petitioned for special action relief on July 24, requesting that we accept jurisdiction, vacate Judge Cohen's June 12 ruling, order that a new judge be assigned, and hold that any determination involving the best interests of a child on remand always triggers the Rule 6(f)(1) provision of a "new trial or contested hearing."

## SPECIAL ACTION JURISDICTION

**¶9** The denial of a request for a change of judge as a matter of right is properly reviewed only by special action. *See Smith v. Mitchell*, 214 Ariz. 78, 79, ¶ 2 (App. 2006). We accept jurisdiction of Potter's special action petition.

## DISCUSSION

### I.     We accept Potter's notice of errata.

**¶10** Potter filed his petition with citations to an unattached appendix. He corrected this error by filing a "notice of errata," which included his re-filed petition and supporting appendices. We accept his notice.

### II.    The presiding judge exercised proper authority over the matter.

**¶11** Potter argues that the presiding judge had no legal authority to rule on the change of judge request. Potter served his request for a change

of judge on the noticed judge and the presiding judge, as Rule 6(c)(1) requires. *See* Ariz. R. Fam. Law P. 6(c)(1). Nothing in the rule prevents a presiding judge from reviewing and ruling on a change of judge request. The presiding judge did not act without authority in ruling on the matter.

**III.    Rule 6(f) applies.**

**¶12**        We review the denial of a change of judge for an abuse of discretion but interpret Rule 6 *de novo*. *Coffee v. Ryan-Touhill in & for Cnty. of Maricopa*, 247 Ariz. 68, 72, ¶ 17 (App. 2019) (as amended).

**¶13**        In actions remanded from an appellate court, the right to a change of judge is renewed if the appellate court requires a new trial or contested hearing and the party seeking a change of judge has not previously exercised its right to a change of judge. Ariz. R. Fam. Law P. 6(f)(1)–(2). An order that the court revisit its prior decision based on new evidence renews the option to exercise an unused change of judge. *Coffee*, 247 Ariz. at 73, ¶ 22. But if, on remand, the court need only perform a "ministerial act or function"—such as recalculating interest—a change of judge as a matter of right is unavailable. *Id.*

**¶14**        Potter argues that this Court's remand order requires a new trial because "a new figure must be determined pursuant to the Guidelines." He contends that whenever an appellate court vacates a child support determination, and the parties remain adverse, a future proceeding to resolve child support is necessarily either a trial or a contested hearing. Unlike recalculating interest, Potter argues that a redetermination of child support is no "ministerial act." *See id.*

**¶15**        Doctor argues the decision did not grant a "new trial," as Rule 6(f) requires for a change of judge as a matter of right. But as this Court stated in *Coffee*, "[i]n family court, there are many types of evidentiary hearings, which might or might not be labeled 'trials.'" 247 Ariz. at 72, ¶ 19 n.3. The change of judge rule does not require that the words "new trial" appear in the decision. *Id.* at 73, ¶ 22 ("Substance controls over form."). "An order that the court revisit its prior decision based on new and different evidence renews the option to exercise an unused change of judge." *Id.*

**¶16**        This Court recognized that the question of child support remained a contested issue here. *See Doctor*, 1 CA-CV 22-0062 FC, at *6, ¶ 38. And Rule 6(f) applies when the superior court must "determine the remanded issue anew." *Coffee*, 247 Ariz. at 72, ¶¶ 20, 26 (change of judge appropriate on remand to determine "the same relocation issue based on the same factors and new evidence"); *see also Mitchell*, 214 Ariz. at 79, ¶ 3

4

(change of judge appropriate on remand "for redetermination of the ownership interests in the property").

**¶17**        This Court's remand should not be read so narrowly as to render the child support determination a "ministerial act." *See Coffee*, 247 Ariz. at 72–73, ¶¶ 19–22. On remand, the superior court must "re-determine child support under the Guidelines with appropriate credit for parenting days and number of children allocated to each party." *Doctor*, 1 CA-CV 22-0062 FC, at *6, ¶ 38. Under the Guidelines, the superior court considers evidence of the parents' gross income, such as salaries, bonuses, pensions, and interest. *Sherman v. Sherman*, 241 Ariz. 110, 113–14, ¶ 14 (App. 2016); Guidelines § II.A.1.b. And the "paramount factor" the court must consider when applying the Guidelines is the best interests of the child. *Sherman*, 241 Ariz. at 113, ¶ 10 (citation omitted).

**¶18**        In his pre-trial statement, Potter calculated that Doctor must pay him $359 per month and he requested an upward deviation to $600 per month. Doctor's pre-trial child support calculation was for Potter to pay her $466 per month and she raised the possibility of a deviation. The court, based on the erroneous worksheet entries, required Potter to pay Doctor $516 per month. The court did not address deviation.

**¶19**        This Court's order vacating the child support portion of the decree left the parties in their original positions on the issue of child support. In other words, both parties had pending calculations and had raised the potential propriety of a deviation. Once the court recalculates child support, it must resolve the deviation question, which will presumably require new evidence given the court did not previously take up the issue. Doctor appears to have recognized this in the original appeal, stating in her appellate brief, "Mother requests that the Court allow the Parties to further present evidence at the [trial] court's discretion." Rule 6(f) applies, and Potter is entitled to a change of judge as a matter of right.

## IV.    Waiver does not apply.

**¶20**        Doctor argues Potter waived his right to a change of judge because he failed to seek the change within the applicable time limits.

**¶21**        Rule 6(f) provides that "[i]n actions remanded from an appellate court, the right to a change of judge *is renewed and no event connected with the first trial constitutes a waiver*[.]" Ariz. R. Fam. Law P. 6(f) (emphasis added). As stated in ¶ 19, *supra*, Rule 6(f) applies and thus Potter is entitled to a change of judge as a matter of right. Doctor's waiver argument fails.

**ATTORNEY FEES AND COSTS**

**¶22** Potter requests sanctions against Doctor pursuant to A.R.S. § 12-349 but offers no evidence of unjustified actions warranting sanctions. *See* A.R.S. § 12-349(A). In our discretion, we decline to impose sanctions. As the prevailing party, Potter is entitled to his taxable costs upon compliance with ARCAP 21.

**¶23** Doctor requests fees under Ariz. R.P. Spec. Act. 4(g). She argues that Potter has exhibited "unreasonable positions and tactics" to delay the proceedings. Potter's position in this special action was not unreasonable. We deny Doctor's request.

**CONCLUSION**

**¶24** We accept jurisdiction of the special action and grant relief by vacating the superior court's June 12, 2023 order transferring the case from Judge McDowell to Judge Wahlin.



AMY M. WOOD • Clerk of the Court
FILED: AA