391 P.3d 646

In re the Marriage of: Pam Case
BOBROW, Petitioner/Appel-
lee/Cross–Claimant,

v.

Kenneth S. BOBROW,
Respondent/Appellant/Cross–Claimant.[1]

No. 1 CA–CV 14–0806 FC
No. 1 CA–CV 15–0114 FC (Consolidated)

Court of Appeals of Arizona,
Division 1.

FILED 3/9/2017

---

1. The parties' titles have been modified to simpli-
fy the caption.

Dickinson Wright PLLC, Phoenix, By Steven D. Wolfson, Anne L. Tiffen, Counsel for Petitioner/Appellee/Cross–Claimant

Fennemore Craig, P.C., Phoenix, By Alexander R. Arpad, Co–Counsel for Respondent/Appellant/Cross–Claimant

Fromm Smith & Gadow PC, Phoenix, By Stephen R. Smith, Co–Counsel for Respondent/Appellant/Cross–Claimant

Judge Paul J. McMurdie delivered the opinion of the Court, in which Presiding Judge Diane M. Johnsen and Judge Jon W. Thompson joined.

## OPINION

McMURDIE, Judge:

¶ 1 In these consolidated appeals, we resolve two issues of first impression in this

state. The first issue is whether a divorcing spouse is entitled to reimbursement for paying community obligations while the petition for dissolution is pending, or whether a matrimonial presumption of a gift should apply. We hold there is no presumption of a gift once the petition for dissolution is filed. The second issue is whether the parties may stipulate to a prevailing-party standard for attorney's fees in a premarital agreement. We hold that such agreements violate public policy *per se*, and that courts should apply the statutory standards contained in Arizona Revised Statutes ("A.R.S.") section 25–324 (2016).[2]

¶ 2 Kenneth S. Bobrow ("Husband") and Pam Case Bobrow ("Wife") separately appeal from their decree of dissolution. Husband appeals the denial of his claim for reimbursement of community expenses he paid following the filing of the petition for dissolution. Wife appeals the denial of her request for attorney's fees.[3]

¶ 3 For the reasons stated below, we hold the superior court erred by finding that Husband's post-petition payments of community expenses constituted a gift, and remand to allow the superior court to determine the offset to which Husband is entitled. We affirm the denial of attorney's fees to Wife.

## FACTS AND PROCEDURAL BACKGROUND

¶ 4 When the parties married in 2002, they entered into a premarital agreement ("Agreement"). Although the parties stipulated in the superior court the Agreement was valid and enforceable, they disputed how the Agreement should be applied. What was not in dispute, however, was that the Agreement provided, in the event of a dissolution, Wife would not receive spousal maintenance.

¶ 5 On October 7, 2013, Wife filed a petition for dissolution. Thereafter, Husband voluntarily made monthly loan payments due on Wife's vehicle and the marital residence.[4] At trial, Husband requested an offset of approximately $77,000 for Wife's share of the community expenses he paid toward the marital residence. Husband also requested an offset for the monthly loan payments that he paid toward Wife's vehicle. The superior court denied both requests, holding the payments were "gifts," because Husband had voluntarily paid these expenses without an agreement for reimbursement.

¶ 6 The court found, given the totality of the decree, neither party was entitled to attorney's fees under the prevailing-party standard in the Agreement. The court later denied, without comment, Wife's motion for a new trial on the issue of attorney's fees, which also sought fees pursuant to A.R.S. § 25–324.

¶ 7 Both parties filed multiple amended notices of appeal from the decree and the denial of post-decree motions.[5] The appeals were consolidated, and this court has jurisdiction pursuant to A.R.S. § 12–2101(A)(1), (5)(a).

## DISCUSSION

**A. Husband's Payments Toward Community Debt After the Filing of the Petition for Dissolution Were Not a Gift.**

¶ 8 Matrimonial law in Arizona recognizes that, in certain circumstances, courts

2. We cite to the current version of applicable statutes or rules when no revision material to this case has occurred.

3. The parties raise other issues that do not meet the criteria for publication. *See* Ariz. R. Sup. Ct. 111(b); ARCAP 28(b). We address those issues in a separate, contemporaneously filed memorandum decision. *See* Ariz. R. Sup. Ct. 111(h); *Manuel M. v. ADES*, 218 Ariz. 205, 207, ¶ 1, n.1, 181 P.3d 1126 (App. 2008).

4. Husband paid all expenses related to the marital residence. Both parties continued to live in the marital residence or the guest house of the marital residence. *See, In re Marriage of Pownall*, 197 Ariz. 577, 583, ¶¶ 23–25, 5 P.3d 911 (App. 2000) (superior court appropriately accounted for benefit of living rent-free in marital residence during separation in making equitable division of property).

5. This court previously disposed of an issue raised by the parties pending this appeal. *Bobrow v. Herrod*, 239 Ariz. 180, 181, 367 P.3d 84 (App. 2016). After we took the matter under advisement, Husband filed a successive petition for special action in this court. *Bobrow v Herrod*, 1 CA–SA–17–0019 (filed January 25, 2017). As of the filing of this opinion, the successive petition is still pending.

will treat a transaction between spouses as a gift unless contrary intent is evidenced at the time. For example, when real property is paid for with separate funds, but title is taken in the name of both spouses, a gift is presumed. *Becchelli v. Becchelli*, 109 Ariz. 229, 232, 508 P.2d 59 (1973), *superseded on other grounds by statute*, A.R.S. § 25–318, *as recognized in Jordan v. Jordan*, 132 Ariz. 38, 39, 643 P.2d 1008 (1982). This presumption is based on the premise that "the [party] is discharging [his or her] legal duty to provide support for [the other spouse]." *Becchelli*, 109 Ariz. at 232, 508 P.2d 59. In order to overcome the presumption, the burden falls on the party claiming it is not a gift, and the evidence must be clear, satisfactory, and convincing. *Blaine v. Blaine*, 63 Ariz. 100, 108, 159 P.2d 786 (1945).

¶ 9 This court has extended the gift presumption to a situation in which a spouse voluntarily uses separate property to pay community expenses during the marriage. *Baum v. Baum*, 120 Ariz. 140, 146, 584 P.2d 604 (App. 1978). In such a case, the spouse is entitled to reimbursement from the other spouse "[o]nly if there is an agreement to that effect." *Id.* We explained:

> To rule otherwise would be to require all married persons to keep detailed accounts of all the money they spent during the marriage and of all community expenses. We do not believe this is the intent of the Arizona statutes regulating the distribution of assets in dissolution proceedings.

120 Ariz. at 146, 584 P.2d 604; *but cf. Ivancovich v. Ivancovich*, 24 Ariz.App. 592, 540 P.2d 718 (1975) (considering separate fund contributions in determining asset distribution based on the involuntary nature of the expenditures).

¶ 10 Arizona courts, however, have not universally applied a presumption of a gift during the marriage to an expenditure of separate funds. This court held the presumption of a gift does not apply when separate funds are used to improve jointly owned real estate. *In re Marriage of Berger*, 140 Ariz. 156, 161–62, 680 P.2d 1217 (App. 1983). Likewise, our supreme court held when a spouse's separate funds are deposited in a joint bank account, the marital relationship alone did not presume a gift. *O'Hair v. O'Hair*, 109 Ariz. 236, 239, 508 P.2d 66 (1973); *Bowart v. Bowart*, 128 Ariz. 331, 335, 625 P.2d 920 (App. 1980). The court in *O'Hair* noted that "[g]ifts from a husband to his wife are not presumed from the marital relationship but are governed by the same rules as gifts between strangers, namely, there must be an intention to part with the interest in and dominion over the property and there must be delivery of the property." 109 Ariz. at 239, 508 P.2d 66 (quoting *Rasmussen v. Oshkosh Sav. & Loan Ass'n*, 35 Wis.2d 605, 151 N.W.2d 730, 732 (1967)). The court held that to be a gift, the donor must "manifest a clear intent to give to the party claiming as donee." *Id.* The burden is on the party claiming the action was a gift to establish the claim by clear and convincing proof. *Id.*

¶ 11 Determining whether a gift was made is a question of fact, which we review under a clearly erroneous standard. *Hrudka v. Hrudka*, 186 Ariz. 84, 92, 919 P.2d 179 (App. 1995), *superseded by statute on other grounds*, A.R.S. § 25–324, *as recognized in Myrick v. Maloney*, 235 Ariz. 491, 494, ¶ 8, 333 P.3d 818 (App. 2014). Therefore, we review the record before us to determine whether the gift finding was clearly erroneous. *Berger*, 140 Ariz. at 161, 680 P.2d 1217.

¶ 12 Husband argues he did not intend the amounts he paid to extinguish Wife's share of the post-petition community expenses to be a gift to Wife. Citing *Baum*, Wife contends "the spouse who voluntarily spends separate property on community expenses is entitled to reimbursement only if there is an agreement to that effect." *Baum*, 120 Ariz. at 146, 584 P.2d 604. On the circumstances presented here, we disagree with Wife's contention.

¶ 13 Each of the "presumption of gift" cases noted above arose in the context of a pre-petition payment or use of separate property. These cases do not resolve the issue we address here, which is the effect of a payment made after a spouse has filed a dissolution petition.

¶ 14 According to the Agreement, Husband had a contractual obligation to pay the parties' ordinary and necessary living expenses

throughout the marriage. The obligation terminated, however, upon either party filing a petition for dissolution. Likewise, under the Agreement, Husband was not obligated to pay Wife spousal maintenance after the filing of the petition for dissolution.

¶ 15 Pursuant to A.R.S. § 25–211(A)(2), the marital community is deemed to have terminated upon the service of a petition that results in a decree of dissolution.[6] The Agreement provided Husband was not obligated to pay the parties' expenses or provide any temporary support to Wife after a petition was filed. In the gift-presumption cases on which Wife relies, the payments and transfers took place *during* the marriage, while the community existed. The presumptions were adopted, in part, to alleviate the need for *married* parties to document transactions, and the belief that *married* people should support each other. *Baum*, 120 Ariz. at 147, 584 P.2d 604; *Becchelli*, 109 Ariz. at 231, 508 P.2d 59. Neither justification for such a rule exists after the petition for dissolution is filed and the community has ended. Accordingly, there was no presumption that Husband's post-petition payments toward the vehicle and the home were a gift. Absent the presumption, to defeat Husband's claim for reimbursement, Wife was obligated to prove by clear and convincing evidence Husband intended the payments for community expenses to be a gift. *O'Hair*, 109 Ariz. at 240, 508 P.2d 66.

■ ¶ 16 Wife's argument, that the payments should be characterized as gifts, is based on her belief they were gifts and Husband made the payments voluntarily. Wife's belief the payments were a gift is irrelevant as it is the *donor's* intent, not the donee's, that is controlling. *Berger*, 140 Ariz. at 162,

680 P.2d 1217. Husband's payment without a legal obligation to do so, by itself, does not show an intent to gift.

¶ 17 Wife testified she could not afford her share of the marital residence expenses and, therefore, Husband's payments preserved a jointly held community asset in order to avoid foreclosure. This argument belies Wife's claim the payments were entirely voluntary in nature. That Husband made the payments to preserve community assets, evidences Husband's intent was not altruistic, but to avoid adverse consequences.

¶ 18 Wife further argues the superior court could infer Husband intended the payments as a gift because Husband did not seek reimbursement for the marital residence expenses until May 2014, approximately seven months after the petition for dissolution was filed.[7] The termination of Husband's responsibility to pay for community expenses was clear from the Agreement and A.R.S. § 25–211(A)(2). Husband was not required to notify Wife he would be seeking an offset for paying her share of community expenses.

■ ¶ 19 Ideally, all divorcing couples would work together toward a mutually agreeable resolution of a failed marriage. A spouse who voluntarily services community debt and maintains community assets with separate property should not be penalized when a mutual agreement cannot be reached.[8] When such payments are made, they must be accounted for in an equitable property distribution.

■ ¶ 20 Husband testified he did not intend to make a gift to Wife, and requested reimbursement in the form of an equalization or offset. The superior court's finding that the payments were gifts is not supported by

---

6. A.R.S. § 25–211(A) provides:

   A. All property acquired by either husband or wife during the marriage is the community property of the husband and wife *except for property* that is:
   . . .
   2. Acquired after service of a petition for dissolution of marriage, legal separation or annulment if the petition results in a decree of dissolution of marriage, legal separation or annulment.
   (emphasis added).

7. Wife maintained the first time she learned Husband sought reimbursement for his payment of post-petition community expenses was in a settlement letter she received on May 28, 2014.

8. The superior court's error was compounded in this case, because Wife was also awarded half of the community interest in the marital residence. Without crediting Husband for paying Wife's share of the marital residence expenses pending the dissolution decree, the court granted Wife an unjustified windfall in the community asset.

the evidence. *See Schickner v. Schickner*, 237 Ariz. 194, 197–98, ¶ 13, 348 P.3d 890 (App. 2015) (a factual finding is erroneous if no substantial evidence supports it). The presumption of gift does not apply to payments made post-petition; at that point, the party claiming gift has the burden, and Wife offered no reasonable evidence to meet that burden in this case. The superior court's holding that the post-petition expenditures paid by Husband to service community debt were a gift is reversed, and the case is remanded for further findings consistent with this opinion.

## B. Attorney's Fees.

¶ 21 Wife's petition for dissolution requested attorney's fees pursuant to a prevailing-party standard as stated in the Agreement or, alternatively, based on A.R.S. § 25–324 if the Agreement was determined to be unenforceable. The parties later stipulated the Agreement controlled the dissolution of their marriage. In the pretrial statement, both parties relied exclusively on the prevailing-party standard contained in the Agreement in seeking attorney's fees. At the conclusion of the trial, the superior court concluded neither party prevailed overall, and declined to award attorney's fees under the Agreement. The superior court did not address A.R.S. § 25–324 in the decree.

¶ 22 After the superior court issued the decree of dissolution, Wife filed a motion for new trial arguing in part that the Agreement's prevailing-party standard for attorney's fees was a violation of public policy and should not be enforced. Wife requested the superior court award her attorney's fees under A.R.S. § 25–324. The superior court denied Wife's motion for new trial without comment.

¶ 23 Wife argues the superior court erred by denying her request for attorney's fees under the Agreement's prevailing-party standard. In the alternative, Wife claims a prevailing-party standard for attorney's fees in a prenuptial agreement violates public policy, and asserts this court should remand to the superior court to apply A.R.S. § 25–324. Although we agree that the superior court should have applied A.R.S. § 25–324, wife waived this issue by not raising it at trial, and instead urging application of the prevailing-party standard in her pretrial statement. Accordingly, and for the reasons set forth below, we affirm the order of the superior court regarding attorney's fees.

### 1. Prevailing Party.

¶ 24 The Agreement provided that "the prevailing party shall recover … reimbursement for reasonable attorney's fees." The Agreement did not define "prevailing party" and specifically excluded "any statutes or case law to the contrary." The Agreement provided in relevant part the parties "specifically waive application of the holding and rationale of the *Edsall* decision and any rules, statutes, or court opinions of like effect in Arizona."[9] In entering the Agreement, both parties were represented by counsel, received full disclosure of each other's financial circumstances, and "freely and knowingly" waived the protection that A.R.S. § 25–324 provided.[10] Both parties, by signing the Agreement, intentionally decided to forego substantial benefits and protections provided by law.

---

9. *Edsall v. Superior Court in and for Pima County*, 143 Ariz. 240, 247, 693 P.2d 895 (1984) (A.R.S. § 25–324 overrides the provision in a property settlement agreement awarding attorney's fees solely on the basis that one party is the prevailing party).

10. In lieu of a prevailing-party standard, A.R.S. § 25–324 provides as follows:
    A. The court from time to time, after considering the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings, may order a party to pay a reasonable amount to the other party for the costs and expenses of maintaining or defending any proceeding under this chapter or chapter 4, article 1 of this title. On request of a party or another court of competent jurisdiction, the court shall make specific findings concerning the portions of any award of fees and expenses that are based on consideration of financial resources and that are based on consideration of reasonableness of positions. The court may make these findings before, during or after the issuance of a fee award.

¶ 25 Generally, if a contract contains a prevailing-party provision, "[t]he decision as to who is the successful party for purposes of awarding attorneys' fees is within the sole discretion of the trial court, and will not be disturbed on appeal if any reasonable basis exists for it." *Maleki v. Desert Palms Prof'l Props., L.L.C.*, 222 Ariz. 327, 334, ¶ 32, 214 P.3d 415 (App. 2009). The superior court, in its discretion, role, and experience, may determine the prevailing party from all the circumstances, the reasonableness of the parties' positions, and their respective financial positions. *See, e.g., Associated Indem. Corp. v. Warner*, 143 Ariz. 567, 570, 694 P.2d 1181 (1985) (listing factors superior court should consider in determining whether attorney's fees should be granted under A.R.S. § 12–341.01).

¶ 26 In this case, neither party was successful with respect to all of the relief requested. Therefore, the superior court found neither party was the prevailing party and denied all fee requests. Based on this record, the superior court did not abuse its discretion by denying fees under a prevailing-party standard. Under the circumstances of this case, we agree with the superior court's application of the prevailing-party standard in the Agreement.

**2. Waiver of Claim the Agreement Violated Public Policy.**

¶ 27 Alternatively, Wife argues the enforcement of the prevailing-party provision of the Agreement would violate public policy as set forth in *Edsall v. Superior Court*, 143 Ariz. at 247–49, 693 P.2d 895. We hold Wife waived the right to make such a claim as it relates to attorney's fees in the superior court proceeding.

¶ 28 Arizona Rule of Family Law Procedure 76(C) requires parties in a dissolution proceeding to exchange and file a pretrial statement. The pretrial statement must contain "detailed and concise statements of contested issues of fact and law." Ariz. R. Fam. Law P. 76(C)(1)(i). If a party fails to comply with this rule, the court "shall, except upon a showing of good cause, make such orders with regard to such conduct as are just, including ... an order refusing to allow the disobedient party to support or oppose designated claims." Ariz. R. Fam. Law P. 76(D)(1). "The pretrial statement controls the subsequent course of the litigation," *Leathers v. Leathers*, 216 Ariz. 374, 378, ¶ 19, 166 P.3d 929 (App. 2007) (quotation omitted), and is intended to avoid unfair surprise at trial. *Carlton v. Emhardt*, 138 Ariz. 353, 356, 674 P.2d 907 (App. 1983).

¶ 29 Arizona Rule of Family Law Procedure 78(D)(1) provides that "[a] claim for attorneys' fees, costs and expenses initially shall be made in the ... pretrial statement ... prior to trial." Wife's pretrial statement specifically noted the Agreement was binding on the parties. Wife's opportunity to challenge the enforceability of the Agreement as it related to attorney's fees was in her pretrial statement. Therefore, after the superior court found she was not entitled to fees under the Agreement because she failed to satisfy the prevailing-party requirement in the Agreement, Wife was precluded from raising in her motion for new trial the claim that the prevailing-party provision violated public policy under *Edsall. See Helena Chem. Co. v. Coury Bros. Ranches, Inc.*, 126 Ariz. 448, 451, 616 P.2d 908 (App. 1980) (parties may not sit by and allow error to be committed without asking the trial court to correct the error at the time, and upon receiving an unfavorable judgment, ask for a new trial on that ground); *see also S. Arizona Freight Lines, Ltd. v. Jackson*, 48 Ariz. 509, 518, 63 P.2d 193 (1936).

**3. Attorney's Fees on Appeal.**

¶ 30 Both parties cite A.R.S. § 25–324, as well as the prevailing-party provision in the Agreement, in support of their requests for attorney's fees on appeal. We hold the prevailing-party provision in the Agreement does not control our award of fees on appeal, and decide the issue under A.R.S. § 25–324.

¶ 31 In *Edsall*, our supreme court held that § 25–324 governs the issue of attorney's fees in a dissolution proceeding, and that a prevailing-party provision contained in the parties' separation agreement "does not control the trial court's discretion to grant or deny attorney's fees to either party." 143

Ariz. at 247, 693 P.2d 895. Under *Edsall*, a court's authority under A.R.S. § 25–324 trumps even an ostensibly mandatory prevailing-party clause. *Id.* at 247, 693 P.2d 895; *In re Gubser*, 126 Ariz. 303, 304–05, 614 P.2d 845 (1980) (concluding authority to award fees under § 25–324 and then § 25–332(C) trumped settlement agreement's prevailing-party provision in a proceeding to modify child custody). The court explained the public policy reflected in A.R.S. § 25–324—allowing a spouse with limited resources to advance a legitimate though ultimately unsuccessful claim without being financially intimidated—authorizes the superior court to award fees and costs for any dissolution proceeding, and does not require the party requesting fees to have prevailed. 143 Ariz. at 248–49, 693 P.2d 895.

¶ 32 Husband argues a prevailing-party provision in a premarital agreement does not violate public policy *per se*, and requests we enforce the prevailing-party provision in this case. We find no meaningful distinction between the property settlement agreement the represented parties entered into in *Edsall* and the enforceable premarital agreement in this case.[11] Therefore, we hold the rationale of *Edsall* and *Gubser* control, and we will apply the statute in determining the issue of attorney's fees on appeal.

¶ 33 Husband contends the parties' financial circumstances have changed post-

decree. Wife contends Husband's positions on appeal are unreasonable and she has fewer financial resources. Financial disparity alone does not mandate an award of attorney's fees to the poorer party. *See Myrick*, 235 Ariz. at 494, ¶ 9, 333 P.3d 818. We have reviewed and considered the parties' updated financial information and whether either party acted unreasonably on appeal.[12] Based on our review of their respective financial information and our conclusion that neither party took unreasonable positions in the appeal, we decline to award attorney's fees to either party.

## CONCLUSION

¶ 34 For the foregoing reasons, we reverse and remand the case to the superior court to determine Husband's claim for reimbursement of post-petition payments of community expenses. We affirm the superior court's ruling regarding attorney's fees under the prevailing-party provision pursuant to the Agreement. Each party shall bear his and her own attorney's fees on appeal.

11. Various jurisdictions have held parties can enter into a valid premarital agreement containing a prevailing-party provision and it is not against public policy *per se*. *See Levin v. Carlton*, 213 P.3d 884, 893, ¶ 25 (Utah App. 2009) (an agreement must be entered into in good faith, absent fraud, coercion, or material nondisclosure at the time of the agreement); *Darr v. Darr*, 950 S.W.2d 867, 872 (Mo. App. 1997) (an agreement is valid if entered into freely, fairly, knowingly, and understandingly); *Brennan v. Brennan*, 955 S.W.2d 779, 785 (Mo. App. 1997); *Hardee v. Hardee*, 355 S.C. 382, 585 S.E.2d 501, 504 (2003) (an agreement was not obtained through fraud,

duress, mistake, or misrepresentation). Nevertheless, adopting a differing approach in Arizona is for our supreme court to decide.

12. The parties' updated financial affidavits were provided to the superior court post-decree on July 20, 2016. The parties also filed a stipulation in the superior court reporting that Husband recently paid Wife $500,000 in addition to making the $10,000 monthly payment towards his post-decree obligations. These records are properly before this court. *See State v. McGuire*, 124 Ariz. 64, 66, 601 P.2d 1348 (App. 1978).