NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

CAROL ANN LOVEJOY, *Petitioner/Appellant,*

*v.*

THOMAS BRIAN LOVEJOY, *Respondent/Appellee.*

No. 1 CA-CV 17-0411 FC
FILED 4-19-2018

Appeal from the Superior Court in Maricopa County
No. FC 2015-095066
The Honorable Stephen M. Hopkins, Judge

**AFFIRMED AND REMANDED WITH INSTRUCTIONS**

COUNSEL

The Murray Law Offices P.C., Scottsdale
By Stanley D. Murray
*Counsel for Petitioner/Appellant*

Fromm Smith & Gadow P.C., Phoenix
By Stephen R. Smith
*Counsel for Respondent/Appellee*

_____

**MEMORANDUM DECISION**

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Chief Judge Samuel A. Thumma joined.

_____

**C A M P B E L L**, Judge:

¶1        Carol Ann Lovejoy (Wife) appeals from the trial court's decree of dissolution of her marriage to Thomas Brian Lovejoy (Husband). She argues the trial court abused its discretion by declining to award her spousal maintenance, requiring her to pay certain equalization payments, and awarding attorney fees to Husband. For the following reasons, we affirm but remand for clarification on the amount Wife owes Husband for reimbursement of mortgage payments, as discussed herein.

**FACTS AND PROCEDURAL BACKGROUND**

¶2        Wife and Husband were married in 1993. During their more than 20-year marriage, Wife worked as a hairdresser and fitness coach and Husband was employed as a police officer. The parties had one daughter together, who is now an adult. Wife filed and served Husband with a petition for dissolution of marriage in August 2015.

¶3        In November 2015, the trial court ordered the appointment of a Federally Authorized Tax Practitioner (FATP), Don Bays, to review and report on Wife's business and personal finances. After an evidentiary hearing, the trial court issued temporary orders denying Wife's request for spousal maintenance but ordering Husband to pay all expenses related to the marital residence and vehicles.

¶4        After a settlement conference in April 2016, the parties reached a partial settlement. The parties agreed, in relevant part, that the marital residence would be sold after Wife had an opportunity to inspect the premises. They also agreed to use a QDRO specialist to divide community retirement benefits. All remaining unresolved issues were presented to the court at a bench trial held in January 2017.

¶5   At trial, the parties stipulated Wife was entitled to a monthly *Koelsch* payment of $2,557.09.[1] The parties stipulated this payment would be treated as part of Wife's income for tax purposes. After taking the matter under advisement, the court entered the decree of dissolution in February 2017. The court ordered, in relevant part: Wife was not entitled to an award of spousal maintenance; Wife was entitled to a monthly *Koelsch* payment of $2,557.09; Wife owed Husband various equalization payments; and Husband was entitled to an award of attorney fees based on Wife's unreasonable behavior. After entry of a final judgment in May 2017, Mother filed a timely appeal.

## DISCUSSION

¶6   We view the evidence in the light most favorable to sustaining the decision below. *Cullum v. Cullum*, 215 Ariz. 352, 354, ¶ 9 (App. 2007). We do not substitute our judgment for that of the trial court in balancing competing interests, determining disputed questions of fact or credibility, or pursuing recognized judicial policy. *Hilgeman v. Am. Mortg. Sec., Inc.*, 196 Ariz. 215, 218, ¶ 7 (App. 2000). Accordingly, we will affirm the trial court's decree if any reasonable evidence supports it. *Gutierrez v. Gutierrez*, 193 Ariz. 343, 348, ¶ 14 (App. 1998).

## I. Spousal Maintenance

¶7   By statute, the trial court may grant a maintenance order if it finds that the spouse seeking maintenance:

>1. Lacks sufficient property, including property apportioned to the spouse, to provide for that spouse's reasonable needs.
>
>2. Is unable to be self-sufficient through appropriate employment or . . . lacks earning ability in the labor market adequate to be self-sufficient.
>
>3. Contributed to the educational opportunities of the other spouse.

---

[1] *See Koelsch v. Koelsch*, 148 Ariz. 176, 180 (1986) (benefits payable under the Public Safety Personnel Retirement system are community property subject to division by the court at dissolution).

4. Had a marriage of long duration and is of an age that may preclude the possibility of gaining employment adequate to be self-sufficient.

Ariz. Rev. Stat. (A.R.S.) § 25-319(A)(1)-(4). The court may award spousal maintenance when any one of these four bases exists. *Gutierrez*, 193 Ariz. at 348, ¶ 17. "The question of spousal maintenance is left to the sound discretion of the trial court, and we will not intervene unless there has been a clear abuse of discretion." *Battiste v. Battiste*, 135 Ariz. 470, 473 (App. 1983) (citation omitted). Wife argues that the trial court abused its discretion by finding she had not established any statutory basis entitling her to spousal maintenance. She argues her circumstances fit within the requirements of the first, second, and fourth bases listed in the statute.

**¶8** Regarding the first statutory basis, Wife challenges the trial court's finding that she had been awarded sufficient property to provide for her reasonable needs. While this court has held that a spouse should not be compelled to withdraw money in a retirement account to supplement the spouse's income, *Gutierrez*, 193 Ariz. at 348, ¶ 20, Wife is not being asked to systematically deplete a particular retirement account until nothing remains, *see Thomas v. Thomas*, 142 Ariz. 386, 391 (App. 1984) (A spouse "should not be expected to live off both the principal, and interest, exhausting whatever financial reserves she possesses to the extent that when she no longer had any earning capacity there would be nothing left upon which she could draw."). Rather, Wife's *Koelsch* payment is a monthly payout—comprising roughly half of Husband's own monthly income— she will receive until she begins receiving her share of retirement payments. *See Deatherage v. Deatherage*, 140 Ariz. 317, 320-21 (App. 1984) (trial court should consider a spouse's total properties, both income producing and non-income producing, in determining whether a spouse has sufficient property to meet his or her needs). The trial court clearly acted within its discretion in concluding that Wife had been awarded sufficient property to provide for her reasonable needs.

**¶9** Regarding the second statutory basis, the trial court noted Wife's claims that she was only capable of making marginally more than minimum wage—after working 20 years in her field—were not credible. The trial court identified Wife's own statement in a credit application where she claimed to have a monthly income of $4,000. Similarly, Wife filed an affidavit with the court identifying her monthly income as $3,300. Wife argues the tax returns she submitted indicate she was earning much less than $4,000 per month, but the court-appointed FATP Don Bays testified that, based on his report, Wife was apparently paying many of her personal

expenses through her business-related accounts. On this record, the court had reasonable evidence to find that Wife had a higher potential earning capacity than she had represented.

**¶10** Regarding the fourth statutory factor, the trial court noted that Wife is in her early fifties and did not find anything preventing her from gaining employment.

**¶11** On this record, the trial court had reasonable evidence to conclude Wife has sufficient property to meet her needs, has the ability to be self-sufficient through appropriate employment, and her age does not preclude the possibility of gaining such employment. Accordingly, we affirm the trial court's decision not to award her any spousal maintenance and, as a result, do not address her arguments concerning the amount of spousal maintenance she believes would be appropriate.

## II. The Equalization Payments

**¶12** Wife argues the trial court unfairly and inequitably ordered her to reimburse Husband for mortgage payments and certain fees. The trial court has broad discretion in determining how to equitably allocate marital property and debt under the circumstances. *In re Marriage of Inboden*, 223 Ariz. 542, 544, ¶ 7 (App. 2010). Because courts may reach different conclusions in consideration of the equities without abusing their discretion, we will not disturb the trial court's ruling absent a clear abuse of that discretion. *Id.*

### A. Mortgage Payments

**¶13** Wife argues the trial court inequitably ordered her to reimburse Husband for half of the mortgage payments he made over the 12 months leading to the eventual sale of the marital residence. "Pursuant to A.R.S. § 25-211(A)(2), the marital community is deemed to have terminated upon the service of a petition that results in a decree of dissolution." *Bobrow v. Bobrow*, 241 Ariz. 592, 596, ¶ 15 (App. 2017). After service of a dissolution petition, then, the presumption of gift no longer applies to payments toward community debt made by one spouse, and that spouse is entitled to reimbursement from the other. *Id.* at 596-97, ¶¶ 15-20.

**¶14** Wife argues that Husband's mortgage payments should be excepted from the reimbursement rule outlined in *Bobrow* because, in that case, the spouses both continued to live in the marital residence during the relevant period. 241 Ariz. at 594 n. 4, ¶ 5. Although Husband made the mortgage payments from his sole and separate funds, Wife points out that

Husband lived in the residence during that time while she lived elsewhere. She therefore argues Husband was essentially paying rent in the form of those mortgage payments—a "living expense" for which she should not equitably be required to reimburse him.

¶15        Wife does not dispute, however, that the mortgage was a community debt. While Arizona allows courts to credit to one spouse the benefit of living rent-free in the marital residence in making an equitable division of property, *see In re Marriage of Pownall*, 197 Ariz. 577, 582-83, ¶¶ 23-25 (App. 2000), equity did not require the trial court to offset Wife's responsibility in paying the community debt here. Among other things, it is undisputed that in July 2015, Wife was arrested and subsequently pled guilty to an act of domestic violence against Husband. The court consequently entered an order of protection excluding her from the marital residence. We therefore conclude the trial court did not abuse its discretion in applying the rule from *Bobrow* and requiring Wife to reimburse Husband for the mortgage payments.

¶16        Wife is correct, however, in noting the trial court may have made a mathematical error in calculating the precise amount Wife owes Husband for the mortgage payments. The decree of dissolution states that Husband paid $2,188.00 per month from October 2015 through September 2016, a total of 12 months. The decree incorrectly states Husband had paid a total of $15,456.00 and Wife owed him $7,728.00; however, $2,188.00 paid each month for 12 months amounts to $26,256.00, half of which is $13,128.00. Following Husband's motion for reconsideration, the trial court noted the error and adopted Husband's proffered total of $30,632.00 in mortgage payments, entitling him to $15,316.00 from Wife. Husband apparently arrived at the total of $30,632.00 in mortgage payments by including late fees he had incurred by not making payments on time. It is unclear if the trial court purposefully adopted Husband's figure because it implicitly determined it was equitable for Wife to have to pay a share of those late fees, or if the court erroneously adopted that figure as the total for the $2,188.00 in mortgage payments over 12 months—in which case Wife should only be required to pay Husband $13,128.00 rather than $15,316.00. We therefore remand for clarification on this issue.

### B.    FATP Fees

¶17        Wife argues the trial court inequitably ordered her to reimburse Husband for half of the fees incurred by the court-appointed FATP, Don Bays, because she "obviously received no benefit" from his testimony. By statute, however, "[t]he court shall determine which parent

shall pay for the cost of the" FATP "or determine each parent's share of this cost." A.R.S. § 25-320.02(C). Wife has not shown that the trial court abused its discretion in determining that Don Bays' expense "should be borne equally." Accordingly, that allocation of costs is affirmed.

### C.     Therapeutic Interventionist Fees

¶18     Wife argues the trial court inequitably ordered her to reimburse Husband for the entire payment he made toward the fees of the court-appointed therapeutic interventionist, Dr. Christiano. The trial court, however, noted that it "accepted as credible" Husband's testimony regarding Wife's behavior, including Wife trying to have Husband fired from his job and posting false and defamatory statements on social media. The court found that Husband had participated in the process in good faith, whereas Wife had behaved inappropriately, "making the therapeutic intervention a waste of time." Reasonable evidence supports the trial court's findings, and we will not reweigh the evidence to override the court's equitable discretion in ordering Wife to pay Dr. Christiano's fees.

## III.     Attorney Fees

¶19     Under A.R.S. § 25-324(A), the trial court in a dissolution proceeding may, "after considering the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings," order a party to pay a reasonable amount for the other party's attorney fees. We review the trial court's award of attorney fees under the statute for an abuse of discretion. *MacMillan v. Schwartz*, 226 Ariz. 584, 592, ¶ 36 (App. 2011).

¶20     The trial court found that, while there was some disparity of financial resources between the parties, that disparity was not "substantial[]." The court found Wife had acted unreasonably and her behavior had been "beyond the pale" in multiple instances. The court therefore ordered Wife to pay "any and all of [Husband]'s attorney fees incurred in connection" with these issues, including:

- Any expenses associated with motions to compel discovery granted by the court and not already covered by a previous order.

- A bar complaint Wife had filed relating to the dissolution proceedings; as the trial court noted, any legitimate concerns could have been addressed after trial. Wife provided no explanation for the complaint, leaving the court to conclude that she filed the complaint

"out of spite to force Husband to incur attorney fees, or to attempt to gain some tactical advantage."

- Wife's requests for a finding of contempt based on Husband's alleged failure to provide her with health insurance, and any fees associated with Husband's Health Savings Account, from February 18, 2016 forward; as the trial court noted, Wife's counsel was provided with an updated insurance card confirming coverage as of February 18, 2016, as well as an explanation that the HSA account was not community property. Wife could have confirmed coverage and determined the HSA was not community property through other means.

- Wife's request for reimbursement of automobile repair expenses in the amount of $1,145.91 when she knew the total cost was only $100.00.

- Wife's repeated questioning of a deposit made into Husband's Arizona Federal Credit Union account; Husband's counsel explained the deposit through a letter dated December 2015, and Wife could have verified the deposit through other means.

- Wife's failure to inspect the marital residence after the parties spent time on that issue.

- Wife's renewed request for a finding of contempt in connection with temporary orders without any reasonable cause or evidence to support her request.

Wife insists that she did not act unreasonably or unjustifiably in any of the instances identified by the court. She asserts that, under an "objective review of the positions taken by these parties in these proceedings, it was Husband who was being unreasonable." She essentially asks us to place greater weight on additional or alternative evidence than the available evidence on which the trial court relied. This court will not substitute our opinion for that of the trial court in balancing competing interests or resolving disputed questions of fact. The trial court had reasonable evidence to find as it did regarding each issue, and therefore did not abuse its discretion in concluding Wife had acted unreasonably and awarding Husband attorney fees.

**CONCLUSION**

**¶21** For the foregoing reasons, we affirm and remand for clarification on what amount Wife owes Husband for the mortgage payments. Both parties request an award of attorney fees and costs pursuant to A.R.S. § 25–324. In our discretion, we award Husband an amount of reasonable attorney fees and costs to be determined upon compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED:  AA