NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

In re the Marriage of:

HANNAH MARIE ZUNIGA,
*Petitioner/Appellee,*

*v.*

JOSHUA DAVID LEHI ZUNIGA,
*Respondent/Appellant.*

No. 1 CA-CV 23-0125 FC
FILED 1-25-2024

---

Appeal from the Superior Court in Maricopa County
No.  FC2021-095422
The Honorable Quintin H. Cushner, Judge

**AFFIRMED**

---

COUNSEL

Genesis Legal Group, Gilbert
By Kevin Jensen
*Counsel for Respondent/Appellant*

Rowley Law Group, PLLC, Mesa
By Scott R. Rowley
*Counsel for Petitioner/Appellee*

_____

**MEMORANDUM DECISION**

_____

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Cynthia J. Bailey joined.

_____

**C R U Z**, Judge:

**¶1**        Joshua Zuniga ("Father") appeals from the dissolution decree ending his marriage to Hannah Zuniga ("Mother"). For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

**¶2**        In November 2021, Mother filed a petition for dissolution of marriage. In January 2022, the superior court issued temporary orders awarding Mother temporary spousal maintenance. Before trial, Father made post-petition payments on Mother's car loan and community credit cards. Additionally, Mother withdrew money from the parties' joint bank account and spent money from the HSA account.

**¶3**        Father requested reimbursement for $5,953.50 paid to Mother's car loan and car insurance, $5,003 for money Mother withdrew from the joint bank account, $3,000 for money Mother used from the HSA account, and reimbursement for payments Father made to the community credit cards. In December 2022, the superior court held a hearing on all issues, including Father's reimbursement claims.

**¶4**        The superior court denied all of Father's reimbursement claims. Alternatively, the superior court awarded the post-petition payments to the car loan and withdrawal of money from the joint bank account as retroactive temporary spousal maintenance.

**¶5**        Father timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1).

## DISCUSSION

**¶6**        We review the equitable distribution of property for an abuse of discretion. *Hoobler v. Hoobler*, 254 Ariz. 130, 138, ¶ 13 (App. 2022). We review a spousal maintenance award for an abuse of discretion. *Huey v. Huey*, 253 Ariz. 560, 562, ¶ 6 (App. 2022). We do not reweigh evidence but

defer to the court's credibility determinations and the weight given to conflicting evidence. *Lehn v. Al-Thanayyan*, 246 Ariz. 277, 284, ¶ 20 (App. 2019). "We view the facts in the light most favorable to upholding the superior court's ruling." *Ferrill v. Ferrill*, 253 Ariz. 393, 396, ¶ 8 (App. 2022).

I.     Evidence for Reimbursement Claims

**¶7**        Post-petition payments made with sole and separate property are not presumed to be gifts and should be accounted for in the equitable distribution of the property. *Bobrow v. Bobrow*, 241 Ariz. 592, 596-97, ¶¶ 19-20 (App. 2017).

**¶8**        Father argues the superior court abused its discretion when it denied his reimbursement claims because it required a "heightened level of evidence." The superior court denied Father's reimbursement claim for a $5,003 post-petition withdrawal by Mother from the parties' joint bank account because the documentation Father presented did not support that Mother had withdrawn $5,003. The superior court was "not able to identify $5,003 in non-duplicative expenses." The document Father provided includes duplicative expenses that do not total $5,003. Further, the superior court could not determine if the expenses represented community obligations or if the payments could be traced to community funds. Father testified the funds Mother used were his sole and separate property. But there was no other evidence on whether the expenses represented community obligations or if the funds could be traced to community funds. The superior court did not abuse its discretion when it could not find credible evidence to support Father's reimbursement claim for money withdrawn from the joint bank account by Mother and denied that claim.

**¶9**        The superior court denied Father's reimbursement claim for the HSA account because there was also insufficient evidence to support it. No credible evidence was presented regarding Mother's withdrawal of funds from the HSA account, only Father's testimony. The superior court did not abuse its discretion when it denied Father's HSA account reimbursement claim.

**¶10**        Father argues the superior court abused its discretion when it denied reimbursement of post-petition payments because Mother did not deny Father made the payments. But Mother's agreement that Father made post-petition payments does not constitute an agreement that such funds came from his separate funds or to their ultimate allocation in the equitable distribution of property. Mother testified that she could not make the post-petition payments due to her financial situation, and Father withheld

community funds from her. And the superior court found that "[d]uring part of the time that Father was making payments related to the vehicle, Mother was not receiving spousal maintenance." The superior court did not abuse its discretion when it determined that granting Father's reimbursement claims for the car loan and community credit cards would not result in an equitable distribution of property.

¶11 To the extent Father argues the superior court abused its discretion in placing time restrictions on the parties, we disagree. A court may impose reasonable time limits in advance of a proceeding. *Volk v. Brame*, 235 Ariz. 462, 468, ¶ 20 (App. 2014). If "it becomes apparent that the court lacks sufficient time to receive adequate testimony, then the court must allow reasonable additional time or continue the hearing to permit it to perform its essential tasks." *Id.* at 468, ¶ 21. In this case, the superior court allowed Father extra time and did not enforce strict time limits. Additionally, Father did not request more time during the trial. Therefore, the superior court did not abuse its discretion by placing time restrictions on the parties.

II. Retroactive Spousal Maintenance

¶12 Post-petition payments are not presumed to be gifts and must be considered in the equitable distribution of property. *Bobrow*, 241 Ariz. at 596-97, ¶¶ 19-20. "The superior court may account for such payments in a variety of ways to achieve an equitable property division." *Huey*, 253 Ariz. at 565, ¶ 18. The superior court may retroactively grant temporary spousal maintenance. *Barron v. Barron*, 246 Ariz. 580, 591, ¶ 43 (App. 2018), *vacated in part on other grounds*, 246 Ariz. 449, 452, ¶ 21 (2019).

¶13 Father argues the superior court abused its discretion when it awarded the post-petition payments as temporary spousal maintenance because the superior court did not first engage in a statutorily-guided spousal maintenance analysis, and it concluded she was entitled to no additional spousal maintenance otherwise. In the final decree, the superior court found Mother self-sufficient and capable of supporting herself. But the superior court recognized that Mother's circumstances at the temporary orders stage were different from her circumstances at the end of the litigation, where she was ultimately awarded her share of Father's retirement funds, stock, more than $10,000 in a community lien on a condominium and half of the parties' 2021 tax refund, and child support, while Father was assuming most of the community debts.

¶14        Regarding the car loan payments, the superior court found "credible evidence that Mother would not have been able to share the expense at issue during the pertinent timeframe." Likewise, the superior court found reimbursing Father for the money Mother withdrew from the joint bank account would not be an equitable division of property. The superior court did not abuse its discretion when it awarded these payments as retroactive temporary spousal maintenance.

III.    Attorneys' Fees

¶15        Mother requests attorneys' fees pursuant to ARCAP 21. We deny her request for fees under ARCAP 21 because she did not cite a statute, rule, or other substantive authority for her request. *See* ARCAP 21(a)(2).

**CONCLUSION**

¶16        We affirm.

