NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

JOSE ALFREDO FLORES, *Petitioner/Appellant*,

*v.*

ALEJANDRA FLORES, *Respondent/Appellee*.

No. 1 CA-CV 25-0337 FC

FILED 03-23-2026

Appeal from the Superior Court in Maricopa County
No. FC2023-005112
The Honorable Melissa Zabor, Judge

**AFFIRMED IN PART; APPEAL DISMISSED IN PART**

COUNSEL

Chaidez Law Firm, PLLC, Phoenix
By Jose L. Chaidez
*Counsel for Petitioner/Appellant*

Becker Zarline & Smith Law, Avondale
By Gina M. Becker-Zarling, Sara J. Smith
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Daniel J. Kiley delivered the decision of the Court, in which Judge D. Steven Williams and Judge Cynthia J. Bailey joined.

---

**K I L E Y**, Judge:

¶1          Jose Alfredo Flores ("Husband") appeals from certain provisions of the decree (the "Decree") that dissolved his marriage to Alejandra Flores ("Wife"). We dismiss, for lack of appellate jurisdiction, his appeal from the superior court's determination of Wife's entitlement to an award of attorney fees, and otherwise affirm.

## FACTS AND PROCEDURAL HISTORY

¶2          Husband and Wife married in 1997. They have two children together. Husband petitioned to dissolve the marriage in 2023. The parties' older child reached majority after Husband filed the petition.

¶3          At a hearing in September 2024, the parties informed the superior court that they had reached an agreement on certain issues and recited its terms in open court. The court approved and adopted the parties' agreement, finding that it was a valid and binding agreement under Arizona Rules of Family Law Procedure ("Rule") 69.

¶4          Shortly thereafter, Husband and Wife each lodged separate proposed orders purporting to reflect the terms of the parties' Rule 69 agreement. The parties' competing submissions were consistent in some respects. They both reflected, for example, that the parties would share joint legal decision-making authority for the child who was still a minor, that Husband would pay Wife monthly child support of $750, and that he would pay her monthly spousal maintenance of $1,700 until he turned 67. And each party's submission provided for the disposition of the parties' real property.

¶5          The competing submissions differed, however, in other respects. Among other things, Wife's submission, unlike Husband's, provided that Husband's spousal maintenance obligation was non-modifiable.

¶6            Husband objected to Wife's submission, asserting that it did not accurately reflect the parties' Rule 69 agreement. The superior court reviewed the audio recording of the September 2024 hearing, determined that Wife's submission "accurately summarized what the parties had agreed to," and signed and entered Wife's submission as an order.

¶7            Meanwhile, Husband subpoenaed Wife's bank records and discovered two accounts with Landings Credit Union containing a total of approximately $60,000 which, he asserted, Wife had not disclosed in response to his discovery requests. One account listed Wife and the parties' older child as "joint owners"; the other listed Wife and the parties' younger child as "joint owners." Husband requested a trial continuance to allow him time to investigate what he called Wife's "apparent attempt to conceal financial assets." In response, Wife stated that the Landings Credit Union accounts were opened during the marriage with Husband's knowledge and approval, that the accounts contain funds set aside for their children's education, and that the funds "do not belong to either parent." The court granted Husband's requested trial continuance.

¶8            After trial in February 2025, the court issued the Decree in which, *inter alia*, the court ordered the division of marital property in accordance with the terms of the parties' Rule 69 agreement. The court did not award the Landings Credit Union accounts to either party, ordering instead that "the college accounts be held by the children."

¶9            Finding a "substantial disparity of financial resources between the parties" and that Husband "acted unreasonably in the litigation[,]" the court determined that Husband "shall pay a portion of [Wife's] reasonable attorney fees and costs" pursuant to A.R.S. § 25-324(A). Noting that it had not yet determined "the amount of attorney's fees and costs to be awarded," the court directed the entry of partial final judgment under Arizona Rule of Family Law Procedure 78(b).

¶10           Husband timely appealed. We have jurisdiction under A.R.S. § 12-2101(A).

## DISCUSSION

I.      **Husband has shown no error in the superior court's rulings entering the order setting forth the parties' Rule 69 agreement, allocating marital property, and awarding child support.**

¶11           Husband raises a number of challenges to the Decree. He argues, first, that the superior court erred in entering Wife's proposed order

setting forth the parties' Rule 69 agreement, asserting that it included terms to which he had not agreed.

**¶12**       Under Rule 69, an agreement is "valid and binding on the parties if . . . the agreement's terms are stated in an audio recording made before a mediator or a settlement conference officer appointed by the court." Ariz. R. Fam. Law P. 69(a)(3). At the September 2024 hearing, the parties informed the court that they had reached such an agreement, and recited their agreement on the record. The court approved their agreement. When a dispute later arose over its terms, the court reviewed the audio recording of the hearing before finding that the proposed form of order lodged by Wife accurately reflected the parties' agreement.

**¶13**       Although Husband disputes the court's findings on that point, he has not provided us the audio recording or a transcript of the September 2024 hearing. Because we must presume that the missing portions of the record support the court's findings, we reject Husband's challenge. *See Engstrom v. McCarthy*, 243 Ariz. 469, 471, ¶ 7 n.2 (App. 2018) ("Neither party presented the transcript of the Rule 69 proceeding that led to the adoption of the agreement. As a result, we must presume the record supports the court's conclusion.").

**¶14**       Husband argues, next, that the court erred in apportioning marital assets because it purportedly "made no finding of facts or made any mention anywhere" about the "additional $60,000" that he "discovered by subpoena" and which Wife purportedly "attempted to conceal[.]"

**¶15**       The record refutes Husband's assertion that the court overlooked the Landings Credit Union accounts. In the Decree, the court expressly found that the funds in the accounts did not belong to either party, but to their children. Husband cites nothing in the record to suggest that the court erred in making this determination. Husband is entitled to no relief.

**¶16**       In a single sentence, Husband asks, "Should the child support amount have been reduced based on the one child aging out[?]" He offers no further explanation. Although Husband appears to imply that the court based its child support award on the incorrect premise that both of the parties' children were minors, the record refutes this suggestion. The Rule 69 agreement that the court entered as an order recognized that only one of the parties' children remained a minor. We reject, as frivolous, Father's cursory challenge to the court's child support order.

II. **We lack jurisdiction to review the court's determination of Wife's entitlement to a fee award.**

¶17          Husband argues that the superior court erred in finding that he acted unreasonably for purposes of a fee award under A.R.S. § 25-324. But the court had not yet determined the amount of the fee award when it entered the judgment Husband has appealed here. Because "[p]arties may appeal an award of attorney fees only when the entire claim has been resolved[,]" *Matter of Hernandez v. Athey*, 256 Ariz. 530, 533, ¶ 9 (App. 2023), we lack jurisdiction to review the court's determination of Wife's entitlement to fees. *See id.* at ¶ 8 (dismissing appeal from determination of a party's entitlement to a fee award because amount of fees had not yet been determined; "Until the court makes the entitlement decision and awards an amount, the court cannot certify any portion of the attorney-fees claim under Rule 78(b)"). We therefore dismiss the appeal from the provision of the Decree finding that Mother was entitled to a fee award.

III. **Attorney fees on appeal**

¶18          Wife requests attorney fees and costs arising from this appeal. Under A.R.S. § 25-324(A), we may award fees taking into account "the financial resources of both parties and the reasonableness of the positions each party has taken[.]" *See Bobrow v. Bobrow*, 241 Ariz. 592, 598, ¶ 30 (App. 2017) (deciding attorney fee award on appeal under A.R.S. § 25-324). Because Husband has acted unreasonably in this appeal by raising claims wholly lacking record support, we grant Wife a portion of her reasonable attorney fees and costs upon her compliance with ARCAP 21.

**CONCLUSION**

¶19          We dismiss the appeal to the extent it challenges the court's determination of Wife's entitlement to a fee award, and otherwise affirm.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:          JR