757 P.2d 604

**STATE of Arizona, Appellee,**

v.

**William Lambert JOBE, Appellant.**

**No. 1 CA–CR 11460.**

Court of Appeals of Arizona,
Division 1, Department B.

May 24, 1988.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Crim. Div. Jack Roberts, Asst. Atty. Gen., Phoenix, for appellee.

John C. Williams, Prescott, for appellant.

OPINION

KLEINSCHMIDT, Judge.

William Lambert Jobe appeals two convictions of child molestation and his aggregate sentence of fifty-five years in prison. He claims that his sentence was improperly enhanced because the allegation of a prior

felony was defective, that an erroneous jury instruction allowed the jury to convict him for conduct not made criminal by the statutes, and that his attorney was ineffective. We affirm the convictions.

## FACTS

Appellant was charged with two counts of child molestation. His wife was named as a co-defendant in one count of molestation and charged with one count of child abuse. Prior to trial, the state offered plea agreements to both. Appellant's wife accepted her plea offer and testified for the state. Appellant rejected his offer and proceeded to trial. The evidence, in a light most favorable to sustaining the verdict, *State v. DeSanti*, 8 Ariz.App. 77, 443 P.2d 439 (1968), established the following.

The appellant's neighbor, Donna Merritt, went to appellant's apartment one Halloween eve and, upon approaching the front door, saw appellant, his wife, and his twelve-year-old stepdaughter on a couch. The stepdaughter was naked, and appellant's wife's robe was completely open, her head resting in appellant's lap. Appellant was rubbing one of the girl's hands on his wife's vagina, while fondling his wife's breasts with his other hand. Donna Merritt testified that, on another occasion, appellant pulled his stepdaughter to him and asked, "Well, am I not going to get my loving today?" She also testified that the girl "hung on to" appellant like a lover.

Another witness, Deborah Poston, testified that on one occasion, while appellant was showering with his stepdaughter, he laughed and said, "I always wash your mother there." Poston testified that she had heard that statement through the wall while she was outside appellant's apartment. Both Donna Merritt and Deborah Poston reported these incidents to Child Protective Services.

Stephanie Clark, manager of the apartments where appellant lived, testified that she had been with Poston outside the appellant's apartment and heard the stepdaughter say to appellant while showering, "Don't do that." The appellant replied, "That's okay, I wash your mother there all the time." She also, on another occasion, overheard appellant say to his wife, "Why does [the stepdaughter] have to be my lover?"

The stepdaughter testified that on a Sunday morning, while her mother was at work, she got into bed. Appellant, naked, slipped in beside her. Appellant pulled her undergarments down below her knees and put his penis between her legs. He rubbed it back and forth. She also testified about the incident on Halloween eve and other occasions when appellant showered with her and touched her private parts. She said she would rub his penis until "white stuff would come out."

Appellant's wife testified that on Halloween eve, she and appellant made love on the living room couch. The appellant then went to the bedroom and brought his stepdaughter back. She was naked. He took the girl's hand and placed it on the wife's vaginal area and rubbed for approximately twenty minutes. The wife testified that on other occasions appellant lifted the victim's nightgown, touched her vagina and remarked that she would be having her period at the end of the month because her scent was stronger. She had seen her husband in bed with the girl and knew he massaged her breasts. On one occasion, she heard the victim crying in the shower and appellant saying, "Don't be afraid because I do this to your mom every night and she's not afraid."

Two Mesa police officers testified concerning various sexual acts that had taken place between the appellant and his stepdaughter. He told one of them that if his stepdaughter said he took her panties down, he did, because "she did not know how to lie." He also admitted to the police that he received sexual gratification from touching and rubbing his stepdaughter.

Appellant testified at trial. He stated that almost everything testified to by the state's witnesses was untrue. He claimed the police officers had misquoted him, and that Donna Merritt was lying. The jury found him guilty on both counts.

## ALLEGATION OF A PRIOR OFFENSE

Appellant was sentenced under the repetitive sexual offender statute, A.R.S. § 13–604.01(B). Prior to trial, the state prepared an allegation charging that any conviction resulting from Count I would be used as a predicate offense for enhancement purposes. *State v. Hannah*, 126 Ariz. 575, 617 P.2d 527 (1980). The pleading was not actually filed with the clerk of the superior court until after appellant's conviction. Accordingly, appellant contends, the trial court could not properly enhance Count II with Count I because the allegation was not filed properly. He contends that the state may not file an allegation of a prior conviction after obtaining a conviction because to do so would deprive a defendant of his right to be informed of the nature of the charges against him. While we agree with this proposition, that problem is clearly not present in this case. It is unmistakable from the record that the appellant was aware of the allegation of prior conviction and its consequences before trial. Defense counsel stated on the record that he advised appellant that, if convicted, he would face a range of thirty-five to fifty-five years in prison. The record shows defense counsel had a copy of the allegation of a prior conviction and, before trial, explained its significance to the appellant.

 The salient purpose for requiring notice of the state's intent to seek enhanced punishment prior to trial is to ensure a defendant will not be misled, deceived or surprised. *State v. Bayliss*, 146 Ariz. 218, 219–20, 704 P.2d 1363, 1364–65 (App.1985). So long as a defendant has actual notice prior to trial, this purpose is served. *State v. Sammons*, 156 Ariz. 51, 749 P.2d 1372 (1988), quoting *State v. Noriega*, 142 Ariz. 474, 690 P.2d 775 (1984). "Further, under the circumstances of *Noriega*, the court found that there was sufficient notice [of the sentence enhancing allegation] independent of the flawed charging document." *Sammons*, 156 Ariz. at 54, 55, 749 P.2d at 1375, 1376. The due process concerns of prior notice were clearly satisfied in this case. Article 6, § 27 of the Arizona Constitution provides that no cause will be reversed for technical error if, from the whole record, it appears that substantial justice has been done. Likewise, A.R.S. § 13–3987 indicates that no error in pleadings or proceedings shall render either invalid unless the error actually prejudiced a substantial right of the defendant. We do not presume prejudice to substantial rights; such must appear in the record. *State v. Moya*, 136 Ariz. 534, 537, 667 P.2d 234, 237 (App.1983). In this case, appellant has not demonstrated any prejudice stemming from the alleged defect, and we find none. By so holding, we by no means approve of the state's failure to formally file all the operative pleadings in the case in a timely fashion. In this case, such failure was harmless.

## SUFFICIENCY OF THE JURY INSTRUCTION AND VERDICT

As to the first count of molestation, the jury was instructed in part:

> The crime of child molestation requires proof of the following: (1) the defendant knowingly caused a child under the age of fifteen years to directly or indirectly touch the private parts of an accomplice....

A.R.S. § 13–1410 defines child molestation as:

> A person who knowingly molests a child under the age of fifteen years by directly or indirectly touching the private parts of such child or who causes a child under the age of fifteen years to directly or indirectly touch the private parts of *such person* is guilty of a class 2 felony and is punishable pursuant to § 13–604.01. (Emphasis added.)

Appellant argues that this statute, A.R.S. § 13–1410, does not make it a crime to cause someone to touch the private parts *of another*. Therefore he claims, the act of placing his stepdaughter's hand on his wife's private parts is not an offense under A.R.S. § 13–1410. Furthermore, he argues, the accomplice instruction did not solve this problem because although the appellant may have been his wife's accom-

plice, there is no evidence that his wife "touched" or caused someone to "touch" within the meaning of the statute. As such, he concludes, the state should have requested an instruction under A.R.S. § 13–303(A)(2), which states that one who causes another person to engage in criminal conduct is criminally accountable for that conduct.

The state argues that the legislature clearly intended to criminalize appellant's conduct. The state goes on, however, to contend that appellant's wife was the accomplice who provided the private parts appellant compelled the victim to rub. The jury was instructed on accomplice liability and for that reason, the state continues, the appellant was properly convicted. The state argues that appellant's construction of the statute is too narrow, contrary to legislative intent, and does not promote the interest of justice.

■ We agree that appellant was properly convicted, but for different reasons. We begin by noting that while it seems certain that the legislature would wish to punish one who causes a child to touch the private parts of another, A.R.S. § 13–1410 cannot, standing alone, be read to achieve that result. It simply does not provide that whoever causes a child to touch the private parts of such person *or any other person* is guilty of the offense.

As stated, both appellant and his wife were charged in the same count with an act of child molestation. The information cited A.R.S. §§ 13–301, –302, –303 and –304. Appellant was on notice that he was being tried as a participant/accomplice in the act of child molestation. The evidence at trial showed that appellant's wife, also charged as a participant, engaged in an indirect touching in violation of A.R.S. § 13–1410. In other words, she indirectly caused her daughter to touch her, the wife's, private parts. Appellant, as a participant under A.R.S. § 13–301 *et seq.*, was criminally responsible as a principal for his acts and the acts of his wife.

An accomplice is a person

who with the intent to promote or facilitate the commission of an offense:

1. Solicits or commands another person to commit the offense; or

2. Aids, counsels, agrees to aid or attempts to aid another person in planning or committing the offense.

3. Provides means or opportunity to another person to commit the offense.

A.R.S. § 13–301. Our supreme court, quoting the Kentucky Supreme Court has said:

The words 'accomplice,' 'accessory,' and 'aider and abettor' are often used indiscriminately and interchangeably by courts and textbook writers on criminal law. But an 'accomplice' may be one of the principal actors, or an aider and abettor or an accessory before the fact. The word includes in its meaning all persons who participate in the commission of a crime, whether they so participate as principals, aiders and abettors, or accessories before the fact.

*State v. McNair*, 141 Ariz. 475, 480, 687 P.2d 1230, 1235 (1984) quoting *Levering v. Commonwealth*, 132 Ky. 666, 677, 117 S.W. 253, 257 (1909). Section 13–301 must be read in conjunction with other criminal liability statutes. *Id.* Section 13–302 states:

A person may be guilty of an offense committed by such person's own conduct or by the conduct of another for which such person is criminally accountable as provided in this chapter, or both. In any prosecution, testimony of an accomplice need not be corroborated.

Section 13–303(A) states:

A. A person is criminally accountable for the conduct of another if:

1. The person is made accountable for such conduct by the statute defining the offense; or

2. Acting with the culpable mental state sufficient for the commission of the offense, such person causes another, person, whether or not such person is capable of forming the culpable mental state, to engage in such conduct; or

3. The person is an accomplice of such other person in the commission of an offense.

It is clear when §§ 13–301 and –303 are read together, that an accomplice may be

either the principal or an accessory to the crime. In other words, all participants are criminally accountable as principals, regardless of whether a participant was the accomplice in fact. The law makes no distinction. *McNair,* 141 Ariz. at 480, 687 P.2d at 1235.

In this case, appellant and his wife were knowing participants in the act of child molestation. As such, they were each accountable for the conduct of the other. It is clear from the record that the word "accomplice," used in the instruction, simply identified appellant's wife. Throughout trial, the state advanced the proposition that appellant's wife was the "accomplice" because she testified she knowingly participated. That the trial court failed to instruct pursuant to A.R.S. §§ 13–302 and –303 does not render appellant's conviction infirm. Neither appellant nor the state requested such an instruction.

> Appellant concedes that he could have been found guilty as an aider and abettor but argues that the jury was not instructed on accomplice liability and that his convictions must therefore be reversed. Neither appellant nor the state requested such an instruction. *Errors or omission in giving jury instructions that have not been raised at trial will not be considered on appeal unless the error is so manifest that the defendant did not receive a fair trial. State v. Coward, 108 Ariz. 270, 496 P.2d 131 (1972).* Appellant fails to show how he was prejudiced by the court's failure to give an instruction on accomplice liability. Had the trial court given the instruction, the outcome would have been no different.

*State v. Avila,* 141 Ariz. 325, 329, 686 P.2d 1295, 1299 (App.1984), *modified,* 147 Ariz. 330, 710 P.2d 440 (1985) (failure to instruct on accomplice liability harmless error).

As in *Avila,* the failure to completely instruct the jury in this case did not prejudice appellant. Appellant was charged under a theory of accomplice liability, and the jury was instructed on the law relating to accomplices. The jury was thus presented with a permissible theory of guilt, and appellant does not show how he was preju-

diced. Had the court instructed pursuant to A.R.S. §§ 13–302 and –303, the outcome would have been no different.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Appellant claims his attorney was ineffective because he says that for long periods of time at trial the attorney was a mere spectator. Specifically, counsel failed to object to the allegation of the predicate prior offense, failed to object to improper remarks made by the prosecutor, failed to request a hearing on the admissibility of prior bad acts although such a hearing was held, and failed to object to several hearsay, irrelevant or prejudicial statements. The appellant does not argue or show how he was prejudiced by any of this inaction.

To prevail on an ineffectiveness claim, appellant must show two things: (1) counsel's performance, under the circumstances, was deficient, and (2) counsel's error so seriously prejudiced him that the result of the trial probably would have been different but for the alleged errors. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A reviewing court may analyze the two requirements in any order and the failure of appellant to establish either one defeats the claim. *State v. LaGrand,* 152 Ariz. 483, 485, 733 P.2d 1066, 1068, *cert. denied* — U.S. —, 108 S.Ct. 206, 98 L.Ed.2d 157 (1987). Here, appellant fails to make a sufficient showing of prejudice and therefore does not prevail on his claim. *State v. Salazar,* 146 Ariz. 540, 707 P.2d 944 (1985). Assuming *arguendo* the errors complained of were the result of incompetence, there is no showing of a reasonable probability of a different verdict. The evidence against appellant on both counts was overwhelming.

For all of the foregoing reasons, the convictions and sentences imposed are affirmed.

BROOKS, P.J., and EUBANK, J., concur.