NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

KENNETH SANDERS, *Appellant.*

No. 1 CA-CR 20-0110
FILED 03-25-2021

Appeal from the Superior Court in Maricopa County
No.  CR 2019-006543-001
The Honorable Joseph P. Mikitish, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jennifer L. Holder
*Counsel for Appellee*

Maricopa County Public Defender, Phoenix
By Thomas K. Baird
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge D. Steven Williams and Judge James B. Morse Jr. joined.

---

**C A M P B E L L**, Judge:

¶1        The superior court sentenced Kenneth Sanders as a category-three repetitive offender after he was convicted on five felony counts. The State failed to allege historical prior felony convictions as a sentence enhancement before trial, as required by A.R.S. § 13-703(N) ("Section 703(N)"). However, Sanders received actual notice before trial of the State's intention to seek enhanced sentences. For the following reasons, we affirm the convictions and sentences.

## BACKGROUND

¶2        The State charged Sanders with eight felony and misdemeanor counts, which were tried to a jury. Before trial, the State filed an amendment to the indictment alleging aggravating factors and historical prior felony convictions as sentence enhancements. The trial resulted in a mistrial.

¶3        The State then filed a complaint alleging ten counts, including seven felony and three misdemeanor charges committed on four separate dates of offense. The resulting indictment alleged Sanders, if convicted, would be sentenced under A.R.S. §§ 13-701 and -702, sentencing statutes applicable to non-repetitive offenders. Unlike in the first case, the State failed to amend the indictment before trial to allege prior convictions or aggravating circumstances. During the second trial, the first case was dismissed without prejudice.

¶4        At the conclusion of the second trial, the jury acquitted Sanders of one felony count, but returned guilty verdicts on the remaining nine counts. Following the return of the verdicts, the superior court noted it had just received the State's request to amend the indictment to allege prior felony convictions as well as its request to allege aggravating circumstances. Without objection, the court proceeded to conduct a trial on the aggravating circumstances, and the jury found four aggravating factors beyond a reasonable doubt.

¶5          The superior court then held a hearing on Sanders' prior felony convictions. Again, Sanders did not object. The State proved two historical prior felony convictions by clear and convincing evidence.[1] The court sentenced Sanders to presumptive concurrent terms as a category-three repetitive offender on each felony, with the exception of count 2, for which the court imposed a suspended sentence with a lifetime term of probation.[2] The concurrent sentences range from 3.75 to 11.25 years. If Sanders had been sentenced as a non-repetitive offender, the presumptive sentences would have ranged from 1.5 to 3.5 years. A.R.S. § 13-702(D). Sanders filed a timely appeal. He does not challenge his convictions but argues his sentences are illegal.

## DISCUSSION

¶6          For the first time on appeal, Sanders argues that the superior court imposed an illegal sentence by sentencing him as a repetitive offender. He contends that because the State failed to amend the indictment to allege historical prior felony convictions before trial began, the court lacked authority to impose enhanced sentences. *See* A.R.S. § 13-703(N). The legality of a sentence, including "[w]hether the trial court applied the correct sentencing statute," *State v. Hollenback,* 212 Ariz. 12, 16, ¶ 12 (App. 2005), is a question of law, which we review de novo, *State v. Johnson*, 210 Ariz. 438, 440, ¶ 8 (App. 2005). Because Sanders did not raise this issue to the superior court, we review only for fundamental, prejudicial error. *State v. Escalante*, 245 Ariz. 135, 140, 146, ¶¶ 12, 43 (2018) (reversing convictions and sentences on charges where fundamental error prejudiced defendant but affirming remaining counts where defendant was not prejudiced by the error).

¶7          In Arizona, a defendant may be sentenced as a repetitive offender pursuant to A.R.S. § 13-703(C) only if "an allegation of prior conviction is charged in the indictment or information." A.R.S. § 13-703(N). The allegation must be filed no later than 20 days before trial, Ariz. R. Crim. P. 13.5(a) and 16.1(b), and "may not be alleged after the verdict is returned," *State v. Williams*, 144 Ariz. 433, 442 (1985); *see also State v. Benak*, 199 Ariz.

---

[1]     We view the evidence in the light most favorable to sustaining the court's ruling. *In re John M.*, 201 Ariz. 424, 426, ¶ 7 (App. 2001).

[2]     The State asked that the prior felony convictions not be applied to count 2, which would allow Sanders to be placed on probation following his prison sentence. Sanders again did not object, nor does he challenge the imposition of probation.

333, 337, ¶ 14 (App. 2001) ("[F]undamental fairness and due process require that allegations that would enhance a sentence be made before trial so that the defendant can evaluate his options.").

¶8 Under *Williams*, however, strict compliance with Section 703(N) is not required if the defendant has adequate notice, before trial, that the State will ask the court to impose an enhanced sentence based on prior convictions or aggravating circumstances. 144 Ariz. at 442. This is because "a defendant is not prejudiced by noncompliance with A.R.S. § 13–604(K) [now Section 703(N)] provided he is on notice before trial that the prosecution intends to seek the enhanced punishment provisions of the statute." *Id.* The pretrial notice to the defendant, however, must be adequate to inform him "of the charge of an allegation of prior convictions, so as not to be misled, surprised or deceived in any way by the allegations." *State v. Bayliss*, 146 Ariz. 218, 219 (App. 1985).

¶9 There is no dispute that the State failed to strictly comply with Section 703(N). The State, however, argues it gave Sanders adequate notice under *Williams* that it intended to ask the court to impose enhanced sentences based on aggravating circumstances and his historical prior felony convictions.

¶10 First, long before trial, the State filed a disclosure statement notifying Sanders it "intend[ed] to use [his] prior felony convictions as aggravating circumstances pursuant to A.R.S. § 13-701 and for sentence enhancement under § 13-703 and § 13-704." In his notice of defenses, Sanders responded that he intended to challenge the sufficiency of the prior convictions, illustrating that he knew of the State's intention to allege historical prior felony convictions as sentencing enhancers.

¶11 Second, in the parties' final joint pretrial statement, they agreed that, if convicted, Sanders would be sentenced as a category-three repetitive offender under A.R.S. § 13-703(J). Although the pretrial statement did not specify whether Sanders faced sentencing as a repetitive offender due to historical prior felony convictions or because the indictment alleged felonies on four separate dates of offense, Sanders was plainly on notice that he could be subject to enhanced sentences as a repetitive offender under A.R.S. § 13-703.

¶12 Third, more than three weeks before trial, the State attempted to amend the indictment to allege sentencing enhancements pursuant to § 13-703(C) and (N). Although the superior court's e-filing system rejected the filing, the State emailed Sanders' counsel notice of the proposed

amendment, and Sanders' counsel acknowledged to the court that he received the State's intended filings.

¶13        The State's pretrial actions, viewed collectively, gave Sanders adequate notice of the specific grounds on which it would ask the court to impose enhanced sentences under § 13-703 based on both prior felony convictions and aggravating circumstances. *See State v. Jobe*, 157 Ariz. 328, 330 (App. 1988) (holding State's failure to formally file all operative pleadings was harmless error because defendant had actual, constitutionally adequate notice prior to trial); *State v. Whitney*, 159 Ariz. 476, 481 (1989) (finding no error when State's allegation of the dangerous nature of the offense was untimely but defendant had notice based on the nature of the crime alleged); *but see Benak*, 199 Ariz. at 337–38, ¶¶ 16–19 (remanding for resentencing when State failed to refer to the relevant sentencing statute or mention "violent crime" in asking the court to rule defendant ineligible for probation based on a previous violent crime conviction).

¶14        Sanders' knowledge of the State's intentions is also illustrated by the fact he did not object when the superior court proceeded to address his historical prior felony convictions. In contrast, Sanders did object when the State raised that he was on probation, an aggravating circumstance, because "it [was] not filed as an allegation of an aggravating circumstance." The fact that Sanders raised that objection but did not object to the use of historical prior felony convictions or the other alleged aggravating circumstances further verifies he had actual notice of the State's intentions.

¶15        Because Sanders had actual notice of the State's intention to seek enhancement of his sentences under Section 13-703(N) (formerly A.R.S. § 13–604(K)), the enhanced sentences were not illegal. Accordingly, Sanders has failed to demonstrate that the superior court committed fundamental, prejudicial error. *Escalante*, 245 Ariz. at 142, ¶ 21.

## CONCLUSION

¶16        For the foregoing reasons, we affirm Sanders' convictions and sentences on all counts.



AMY M. WOOD • Clerk of the Court
FILED:          HB