NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JOE MEZA, *Appellant*.

No. 1 CA-CR 20-0287
FILED 4-22-2021

Appeal from the Superior Court in Maricopa County
No. CR 2017-002591-001
The Honorable Roy C. Whitehead, Judge

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Nicholas Chapman-Hushek
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Thomas K. Baird
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge D. Steven Williams and Judge James B. Morse Jr. joined.

**C A M P B E L L**, Judge:

¶1        Joe Meza appeals his sentence as a category-three repetitive offender, arguing that (1) the State did not provide adequate notice of the historical prior felony convictions ("historical priors") it intended to use for sentence enhancement as required by A.R.S. § 13-703(N), and (2) his prior convictions do not qualify as historical priors under A.R.S. § 13-105(22). Because Meza does not demonstrate reversible error under either theory, we affirm Meza's conviction and sentence as modified.

### BACKGROUND

¶2        The State indicted Meza on four felony counts: armed robbery, a class 2 dangerous felony (Count 1); aggravated assault, a class 3 dangerous felony (Count 2); and two counts of misconduct involving weapons, both class 4 felonies (Counts 3 and 4). In its Notice of Disclosure, the State alerted the defendant of its intention to use his prior felony convictions for sentence enhancement purposes under § 13-703. The State also filed two pre-trial amendments to the indictment. The first pre-trial amendment alleged a single historical prior, taking the identity of another, a class 4 felony. In the second pre-trial amendment, captioned "State's Allegation of Prior Felony Conviction Pursuant to A.R.S. § 13-703 or A.R.S. § 13-704," the State alleged two additional prior felony convictions, unlawful imprisonment, and aggravated assault, both class 6 felonies, and the dates of offense for those convictions. In the text of the second amendment, the priors were referenced as "not historical prior felony convictions." However, both amendments indicated that the prior convictions were alleged for the purpose of sentence enhancement, pursuant § 13-703.

¶3        The jury convicted Meza on Count 4, but could not reach a unanimous decision on Counts 1-3. To avoid a second trial, Meza plead guilty to Count 1, and in return Counts 2 and 3 were dismissed.

¶4        After the verdict, but prior to sentencing, the State filed a third amendment alleging Meza's prior convictions for unlawful imprisonment and aggravated assault were actually historical prior convictions. A.R.S. § 13-105(22), -703. Meza objected, arguing that the court should only consider one historical prior, the felony set out in the first pre-trial amendment. Meza asserted that he relied on the State's initial representation, that he had only one historical prior felony conviction, when deciding whether or not to go to trial. He argued that he would suffer prejudice if the State could allege additional historical priors during trial. The superior court was not convinced, finding that:

> [T]he State timely disclosed defendant's convictions for Taking the Identity of Another (CR2010-148613-001), Unlawful Imprisonment (CR2009-132058-001), and Aggravated Assault (CR2009-006840-001). These convictions were set forth in the State's Allegation of Prior Felony Convictions, Allegation of Historical Priors, and Request for Rule 609 Hearing (which were filed within seconds of each other on September 25, 2017). The fact that the State may have misunderstood (and thus misstated) the legal significance of two of the convictions does not change this analysis . . . .

¶5        At sentencing on Count 1, pursuant to a plea agreement, the superior court sentenced Meza to ten and a half years in prison. On Count 4, the court found that Meza had three historical priors and sentenced him to the presumptive term of ten years as a category-three repetitive offender. With the superior court's permission, Meza filed a delayed notice of appeal.

## DISCUSSION

### I.        Proper Notice Under A.R.S. § 13-703(N)

¶6        Meza argues that by sentencing him as a category-three repetitive offender, the court imposed an illegal sentence. Since Meza raised the issue at trial, we review for harmless error, and the State bears the burden of proving "beyond a reasonable doubt that the error did not contribute to or affect the verdict or sentence." *State v. Henderson*, 210 Ariz. 561, 567, ¶ 18 (2005). The legality of a sentence, including "[w]hether the trial court applied the correct sentencing statute," *State v. Hollenback*, 212 Ariz. 12, 16, ¶ 12 (App. 2005), is a question of law, which we review de novo, *State v. Johnson*, 210 Ariz. 438, 440, ¶ 8 (App. 2005).

¶7            In Arizona, a defendant may be sentenced as a repetitive offender pursuant to § 13-703(C) only if "an allegation of prior conviction is charged in the indictment or information." A.R.S. § 13-703(N). The allegation must be filed no later than 20 days before trial, Ariz. R. Crim. P. 13.5(a) and 16.1(b), and "may not be alleged after the verdict is returned." *State v. Williams*, 144 Ariz. 433, 442 (1985); *see also State v. Benak*, 199 Ariz. 333, 337, ¶ 14 (App. 2001) ("[F]undamental fairness and due process require that allegations that would enhance a sentence be made before trial so that the defendant can evaluate his options.").

¶8            Under *Williams*, however, strict compliance with § 13-703(N) is not required if the defendant has adequate notice before trial that the State will ask the court to impose an enhanced sentence based on prior felony convictions. 144 Ariz. at 442. This is because "a defendant is not prejudiced by noncompliance with A.R.S. § 13-604(K) [now § 13-703(N)] provided he is on notice before trial that the prosecution intends to seek the enhanced punishment provisions of the statute." *Id.* The pretrial notice to the defendant, however, must be adequate to inform him "of the charge of an allegation of prior convictions, so as not to be misled, surprised or deceived in any way by the allegations." *State v. Bayliss*, 146 Ariz. 218, 219 (App. 1985).

¶9            Here, the State properly alleged one of Meza's prior convictions as a historical prior before trial. The State also alleged two other prior convictions for purposes of sentencing enhancement under A.R.S. § 13-703, but incorrectly described them as "not" historical prior felony convictions. The State, however, identified all three prior felony convictions and its intention to use each felony to enhance his sentence should he be convicted. Meza equates this mischaracterization as a due-process violation. He argues that he did not receive adequate notice of the potential sentence range because the State only identified one of his prior felony convictions as historical for the purposes of the repetitive offender statutory enhancement scheme. *See* A.R.S. § 13-703(N). Meza asserts that he was unable to appreciate "the full range of risk of going to trial." He contends that he was only on notice of potential sentencing as a category-two offender. *See* A.R.S. § 13-703(B) ("[A] person shall be sentenced as a category two repetitive offender if the person . . . has one historical prior felony conviction."). Because the post-verdict amendment recharacterized two of his priors as additional historical priors, Meza contends the amendment unexpectedly changed the amount of time he could be incarcerated dramatically. *See* A.R.S. § 13-703(C) ("[A] person shall be sentenced as a category three repetitive offender if the person . . . has two or more historical prior felony convictions.").

¶10            There is no dispute that the State's second allegation contained an error and failed to strictly comply with § 13-703(N). The question then becomes—did the State provide Meza adequate notice that it intended to ask the court to impose enhanced sentences. *See Williams*, 144 Ariz. at 442. To make this determination we must review the notice provided by the State.

¶11            First, we note that the State and Meza filed a "Joint Pretrial Statement" in which both parties acknowledged that Meza had three prior felony convictions, all of which were allegeable as historical priors. The joint statement confirms that Meza knew he would face sentencing as a category-three repetitive offender, at least as to Counts 3 and 4, before trial. *See* A.R.S. § 13-703(C).

¶12            Second, the State provided notice in its initial disclosure of its intention to use multiple prior convictions for the purpose of sentence enhancement under A.R.S. § 13-703. Additionally, although the second pre-trial amendment erroneously described the unlawful imprisonment and aggravated assault charges as "not" historical priors, it also stated that these prior convictions were being alleged pursuant § 13-703. Given this citation, Meza was on notice that his prior felony convictions would be used as enhancement at sentencing.

¶13            Third, prior to trial, the superior court informed Meza of the presumptive terms of "15.75, 11.25, 10 and 10" if convicted. Although the superior court did not specifically use the term "category-three repetitive offender," the presumptive sentences provided conform to the sentencing ranges for category-three offenders. *See* A.R.S. § 13-703(J).

¶14            Taken together, these communications indicate Meza had adequate notice of the specific grounds on which the State would ask the court to impose an enhanced sentence under § 13-703(C). "The salient purpose for requiring notice of the [S]tate's intent to seek enhanced punishment prior to trial is to ensure a defendant will not be misled, deceived or surprised." *State v. Jobe*, 157 Ariz. 328, 330 (App. 1988). When the State's communications and filings are sufficient to provide the defendant with actual notice despite such procedural defects, due process is satisfied, and such error is harmless. *See id.* (holding state's failure to formally file all operative pleadings was harmless error because defendant had actual, constitutionally adequate notice prior to trial).

**¶15** Although the State did not strictly comply with the procedural requirements of § 13-703(N), we hold that such an error was harmless, and did not violate Meza's due process rights.

## II. Historical Priors Under A.R.S. § 13-105(22)

**¶16** Meza also argues, for the first time on appeal, that his prior felony convictions do not qualify as historical priors. In the absence of a trial objection, the superior court's designation of a conviction as a historical prior is reviewed for fundamental error. *State v. Escalante*, 245 Ariz. 135, 140, ¶ 12 (2018); *State v. Henderson*, 210 Ariz. 561, 567, ¶ 19 (2005). To prevail under fundamental error review, the defendant must show both error and prejudice. *Escalante*, 245 Ariz. at 140, ¶ 12. "The imposition of an illegal sentence constitutes fundamental, prejudicial error." *State v. Florez*, 241 Ariz. 121, 127, ¶ 21 (App. 2016).

**¶17** The legislature has defined "historical prior felony conviction" to include "[a]ny class 4, 5 or 6 felony . . . that was committed within the five years immediately preceding the date of the present offense." A.R.S. § 13-105(22)(c). Here, the court relied on two class 6 felonies committed in 2009 and one class 4 felony committed in 2010. Meza urges us to conclude that his prior convictions were too old to qualify as historical priors.

**¶18** However, "[a]ny time spent on absconder status while on probation, on escape status or incarcerated is excluded in calculating if the offense was committed within the preceding five years." *Id.* Moreover, time incarcerated or on absconder is excluded from the calculation "regardless of whether that incarceration was for the particular prior conviction at issue or for some other crime." *State v. Derello*, 199 Ariz. 435, 439, ¶ 22 (App. 2001).

**¶19** In total, at least four and a half years must be excluded from the time calculation for each of the prior convictions because he was incarcerated or because he had absconded from a judicial proceeding.[1] For

---

[1] Meza committed Count 4 of the indictment in April 2017. He committed taking the identity of another in September 2010 (about six years and seven months before Count 4), unlawful imprisonment in May 2009 (almost eight years prior), and aggravated assault in April 2009 (about eight years prior). However, Meza was incarcerated for the 2010 felony from March 2011 until February 2015, absconded from community release from February 2015 until March 2015, and then remained incarcerated until October 2015.

the purpose of determining if the prior convictions were historical prior convictions, this time must be subtracted from the date range. Accordingly, all three of Meza's prior convictions occurred within the past 5 years. A.R.S. § 13-105(22).

¶20        Meza does not deny he spent a considerable amount of time incarcerated. Instead, he asserts that the court was required to find, on the record, that such time incarcerated or on absconder status was applicable to the determination of his historical prior felony convictions.

¶21        Certainly, it would have been better practice for the superior court to have made such a finding on the record. *See* Ariz. R. Crim. P. 26.10(a), (b) (in pronouncing the judgment, the superior court must indicate whether the offense falls within a sentence enhancing category, and "state that it has considered the time the defendant has spent in custody on the present charge"). However, the exclusion of his time incarcerated or on absconder status was discussed at the final trial management conference. Moreover, assuming without deciding that this was error, Meza has not shown how he was prejudiced. Based upon his criminal history, Meza has failed to show prejudicial error.

## III.    Error in Sentencing Order

¶22        The written sentencing order, dated October 2, 2019, erroneously states that Meza was sentenced pursuant to A.R.S. § 13-704(B), which provides the sentencing ranges for a category-two dangerous offender. As discussed above, Meza was sentenced as a category-three repetitive offender under A.R.S. § 13-703(C), (J). "When a discrepancy between the trial court's oral pronouncement of a sentence and the written minute entry can be clearly resolved by looking at the record, the '[o]ral pronouncement in open court controls over the minute entry.'" *State v. Ovante*, 231 Ariz. 180, 188, ¶ 38 (2013) (alteration in original) (citation omitted). Moreover, an appellate court may correct such an error when "the record clearly identifies the intended sentence." *Id.* Accordingly, we correct the October 2, 2019 minute entry, to delete reference to § 13-704(B), and substitute the correct statute, § 13-703(C), (J).

## CONCLUSION

**¶23** For the above reasons, we affirm Meza's conviction and sentence as modified.



AMY M. WOOD • Clerk of the Court
FILED: AA